## THE STATE *v.* LARKIN COLLINS.

CRIMINAL LAW. *Grand jury. Foreman of.* It is no objection to an indictment that it is endorsed a true bill by one of the jury as "special foreman of the grand jury," when his appointment as such *pro tem.* appears of record, though the record fails to show the absence of the regular foreman, or that he was excused or discharged, this being presumed the contrary not proven.

Case cited: Perdue *v.* The State, 2 Hum., 494.

Code cited: Secs. 4020, 5093.

### FROM SULLIVAN.

Appeal from the Circuit Court. E. E. GILLENWATERS, Judge.

YORK & FULKERSON, MCDOWELL, VANCE & WOOD for defendant.

ATTORNEY-GENERAL HEISKELL for the State.

SNEED, J., delivered the opinion of the court.

The indictment in this case was for a misdemeanor, and was returned by the grand jury into court endorsed a true bill, and said endorsement signed " E. D. Rader, special foreman of the grand jury." It appears that upon the organization of the grand jury on the first day of the term Mr. Rader was one of the jury, and was sworn as such with the other twelve, and J. C. Yoakley was appointed the foreman. The record shows that on the 6th day of the term E. D. Rader was appointed foreman *pro tem.*, but fails to show the absence of foreman Yoakley, or that he was excused or discharged.

At the succeeding term the defendant filed a plea in abatement to the indictment, upon the alleged ground that the indictment preferred against him at the preceding term was not endorsed a true bill and the endorsement signed by the foreman of the grand jury empaneled at said term of the court, according to the true meaning and intent of the statute.

To this plea the Attorney General demurred, and he has, in behalf of the State, appealed in error from the judgment of the Circuit Court disallowing the demurrer and quashing the indictment.

It is a rule of law that a presumption in favor of the regularity of the proceedings of the Circuit

Court will be made in the absence of proof to the
contrary: *Perdue* v. *The State,* 2 Hum., 494.    The
statute provides that the court shall appoint the fore-
man of the grand jury, and if he is discharged or
excused after the jury is sworn, his place may be
supplied by the court: Code, 4020.    The indictment
cannot be found without the concurrence of at least
twelve grand jurors; and when so found, it must be
endorsed "a true bill," and the endorsement signed
by the foreman: Code, 5093.

There must always be a foreman, under our stat-
ute, in the finding of an indictment, that his signa-
ture may attest the action of the grand jury.    He is
the presiding officer of the inquest, and his attestation
gives verity to its action, whether he agree in' the
finding or not, provided there be the legal number
twelve concurring.    If it should happen that the fore-
man regularly appointed should be absent at the time
action is being taken upon an indictment, or that,
from incompetency or other cause, he should decline
to act, there can, we think, be no doubt of the au-
thority of the court to appoint a foreman *pro hoc vice,*
upon the principle that the machinery of public jus-
tice during term time is under the control and direc-
tion of the court.    It would be regular in such case
that the record should show the occasion and neces-
sity for the new appointment, but the necessity will
in all cases be presumed, unless the contrary be made
to appear.    The oath of the foreman is not a special
oath administered to him alone, but it is precisely the
same oath which is administered to the other twelve.

Now it appears that the special foreman was sworn upon the organization of the jury with the rest; that he then took the same oath which was taken by the foreman, and it cannot be held essential that the same oath should be again administered upon his appointment as foreman. His appointment was only necessary that the grand jury should have a mouthpiece or organ through and by whom its action should be certified and reported to the court. Both its necessity and regularity will be presumed in the absence of proof to the contrary, and no such proof appears in the record.

Let the judgment be reversed and the case remanded.