Joseph PRIGMORE, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 20, 1977.

Harold R. Stewart, Knoxville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., James R. Dedrick and William H. Crabtree, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

BYERS, Judge.

Appellant was found guilty of larceny from the person and sentenced to serve not less than three (3) years nor more than seven (7) years in the penitentiary.

It is Appellant's contention that the evidence preponderates against the verdict, that the victim's testimony created as a matter of law a reasonable doubt as to whether any larceny was from her person, that the court erred in not charging the jury on the lesser included offenses of larceny and petit larceny and the court erred in halting defense attorney's final argument to the jury on the lesser included offense of petit larceny.

The judgment of the trial court is affirmed.

The accredited evidence shows that Nana Johnson, a retiree, was sitting on a bus-stop bench in front of Isabella Towers in Knoxville. Her pocketbook was beside her with her left arm loosely over it. In her pocketbook was a one hundred seventy-six dollar ($176.00) social security check and other items worth approximately fifty dollars ($50.00). As she approached the bench, the only person she saw near her was a man seated on a wall behind the bus stop who wore an orange cap and jacket. She next saw this man running up the street with her pocketbook. She had not felt it being removed. When she screamed, two (2) maintenance men saw this person running up the street. They chased him and although unable to catch him, they positively identified Appellant as being the man they chased. At one point they had almost caught Appellant when he pulled a gun on them. Another time, one of the maintenance men captured Appellant and was waiting for the police when a crowd gathered. Fearing trouble, the maintenance man released Appellant. Approximately fifteen (15) minutes later, Appellant was brought to the victim by police. The victim could not identify Appellant as the man who took the purse. The maintenance men did identify Appellant although he had on different clothes. One maintenance man testified that he saw Appellant approximately fifteen (15) minutes before the crime and also saw Appellant sitting on the wall. James Foster, a city recreation official and part-time police officer, was with Appellant when the police picked him up to take him to the victim. Foster testified that Appellant was not wearing an orange cap and/or shirt as the victim and maintenance men testified. Appellant appeared

dirty and disheveled. He told Foster that some men had jumped him and tried to hit him with a van. They flagged down a police officer and told him this story. The officer left and when he returned he took Appellant to Isabella Towers where Appellant was identified by the maintenance men. The purse and its contents were recovered by the police.

Appellant asserted an alibi defense and attacked the identification testimony by the State's witnesses.

■ The issues in this case hinge on whether a woman who is sitting on a public bench with her purse by her side with her arm extended over it has the purse on her person. We have no difficulty in finding that the purse was on her person. It would be a strained interpretation of facts to hold otherwise. There is absolutely no conflict in the evidence describing the manner in which the woman was sitting with her purse by her side. The purse was within the area between her arm and body, a natural and normal place for it to be.

■ Even though larceny is an element in a charge of larceny from the person, it does not follow that in each case in which a person is charged with larceny from the person, the trial judge is required to instruct the jury on the offenses of grand and petit larceny. As said in *English v. State,* 219 Tenn. 568, 580, 411 S.W.2d 702, 708 (1966), " . . . under the facts herein there was no foundation for any intermediate grade, and thus the charge as given is correct."

It follows, also, that the court was not in error in prohibiting Appellant from arguing these offenses to the jury because there was no evidence on which to base such argument.

Appellant has failed to demonstrate that the evidence preponderates against the verdict. *State v. Grace,* 493 S.W.2d 474 (Tenn. 1973).

Larceny from the person is described in T.C.A. § 39–4206, the pertinent part for our purposes being (2)(a) which is as follows:

(2) . . .

(a) The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it was taken.

■ If the theft is not from the person and is done surreptitiously, then it falls within the ordinary forms of larceny. This statute creates a separate and distinct form of larceny to cover those cases where the ordinary forms of larceny do not apply, and indicates a legislative intent to recognize that the taking from a person is to be punished in a manner different from larceny. Although the punishment is the same as the punishment for grand larceny, it is greater than the punishment for petit larceny.

■ Although larceny is an essential ingredient of this offense, the offense is distinguished from the other forms of larceny because the value of the property taken is not at issue. *English v. State, supra.*

As previously noted, there was no dispute on the evidence given by the woman describing where the purse was located, which we find was on her person. Neither is there conflict in the testimony that the purse was removed from its location without her knowledge and without force. Therefore, this offense falls clearly within the statutory definition of larceny from the person. There is no contrary evidence to refute this conclusion.

■ Appellant claims the identification of him as the perpetrator of the crime is insufficient and that his claim of alibi overcomes the State's witnesses thereon. The issue of identification is a question to be determined by the jury. *Maxwell v. State,* 501 S.W.2d 577 (Tenn.Crim.App.1973). Likewise, the question of an alibi is for the jury to determine. *Teague v. State,* 529 S.W.2d 734 (Tenn.Crim.App.1975). The jury has resolved these questions adversely to the Appellant and the evidence supports their finding.

The assignments of error raised by Appellant on appeal are overruled and the judgment of the trial court is affirmed.

WALKER and TATUM, JJ., concur.