STATE of Tennessee, Appellee,

v.

William Oliver GAUTNEY, Jr., Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

July 17, 1980.

William M. Leech, Jr., Atty. Gen., Nashville, Jerry L. Smith, Asst. Atty. Gen., Nashville, Robert B. Smith, Asst. Dist. Atty. Gen., Savannah, for appellee.

W. Lee Lackey, Savannah, W. A. Barnett, Florence, Ala., for appellant.

## OPINION

WALKER, Presiding Judge.

In a four–count indictment, the Hardin County grand jury charged the appellant, William Oliver Gautney, Jr., with grand larceny, receiving and concealing stolen property and second degree burglary. At his trial the court withdrew from the jury's consideration the counts on receiving and concealing stolen property. The jury found Gautney guilty of petit larceny and fixed his punishment at not less than one nor more than two years in the penitentiary. The trial judge denied Gautney's petition for a suspended sentence. He appeals both his conviction and the denial of probation.

In the appellant's first issue presented for review, he attacks the sufficiency of the convicting evidence. The state's proof, which the jury accredited, showed that on December 27, 1978, between 7:00 a. m. and 4:00 p. m., the home of John D. Tune in Hardin County was burglarized. The glass on the front door was broken, the house was ransacked, the telephone was torn off the wall, and several items were taken including a Savage over and under .22–.410 rifle–shotgun and an adding machine. The .22–.410 was valued at around $75 and the adding machine was valued at around $40. On a bed in one of the rooms several small spots of what appeared to be blood were found. Mr. Tune inferred that the burglary occurred between 10:00 a. m. and 1:00 p. m. because at 10:00 a. m. his sister–in–law called his house and his telephone rang and at 1:00 p. m. she called and received a busy signal. He thought the busy signal indicated that the telephone had been torn from the wall.

The state's proof also showed that on the night of December 27, 1978, with the appellant's consent, the appellant's mobile home in Florence, Alabama, was searched by a patrolman from the Lauderdale County, Alabama, sheriff's department. The search was conducted on an unrelated case for which no incriminating evidence was discovered. However, during the course of the search, the patrolman noticed a .22–.410 rifle–shotgun and an adding machine hidden underneath a couch. The next day when the Hardin County, Tennessee, sheriff's department reported to the Lauderdale County sheriff's department a description of the items taken in the burglary of Mr. Tune's home, the patrolman returned to the appellant's mobile home and seized the .22–.410 rifle–shotgun. Later, the appellant surrendered the adding machine. Both the rifle–shotgun and the adding machine were identified as having been taken in the burglary. When appellant was interviewed on January 2, 1979, he had a small cut on his right wrist.

The appellant testified denying that he had burglarized Mr. Tune's home. He stated that on December 27, 1978, he worked at a construction site in Florence, Alabama, from 8:00 a. m. to 5:00 p. m. He further testified that when he returned home from work a man whom he knew only as "Little Boy Ivey" came to his mobile home and sold him two guns and an adding machine for $48. The appellant also testified that he had cut his arm while at work. Appellant's employer testified that he drove the appellant to and from work on December 27, 1978, and that appellant worked nine and one–half hours that day.

■ Proof of possession of recently stolen goods, if not satisfactorily explained, gives rise to the inference that the possessor has stolen them. *Bush v. State*, 541 S.W.2d 391 (Tenn.1976). Whether the defendant satisfactorily explains his possession of recently stolen property is a question for the jury. *Bush v. State*, supra; *State v. Rice*, 490 S.W.2d 516 (Tenn.1973); *Ware v. State*, 565 S.W.2d 906 (Tenn.Cr. App.1978); *Smith v. State*, 2 Tenn.Cr.App. 117, 451 S.W.2d 716 (1969). Likewise the question of alibi is also for the jury's deter-

mination. *Smith v. State*, 566 S.W.2d 553 (Tenn.Cr.App.1978); *Prigmore v. State*, 565 S.W.2d 897 (Tenn.Cr.App.1977). The jury did not believe the appellant's explanation of his possession of the property or his alibi defense. Under this evidence, it was warranted in returning a verdict of guilty of petit larceny. The jury by its verdict has resolved all conflicts in the state's favor. *Yearwood v. State*, 2 Tenn.Cr.App. 552, 455 S.W.2d 612 (1970). We find sufficient evidence to justify a rational trier of fact in finding appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This issue is without merit.

■ Next, the appellant contends that the jury's verdict finding him guilty of petit larceny and not guilty of the burglary is so inconsistent as to require reversal. However, there is no requirement under Tennessee law that a verdict on a multiple count indictment be consistent as to each count, because each count is considered a separate indictment. *Wiggins v. State*, 498 S.W.2d 92 (Tenn.1973). This issue is without merit.

■ Next, the appellant claims that the indictment against him is defective in that it was not signed by the regular foreman of the Hardin County grand jury but by an illegally appointed substitute foreman. The appellant contends that on June 20, 1977, Joe B. Pitts was duly appointed for a two year term as foreman of the grand jury. However, appellant's indictment, which was returned on March 19, 1979, was signed by Thelma S. Carrol, as foreman. The record reveals that Ms. Carrol was appointed foreman due to Mr. Pitts' absence from the court. The appellant now claims that Mr. Pitts' removal was without good cause as required by Rule 6(g), Tenn.R.Crim.P., and, thus, Ms. Carrol was improperly appointed as foreman. We feel that Mr. Pitts' absence was good cause for his removal, relief or excuse from office. cf. *State v. Collins*, 65 Tenn. 151 (1873). The vacancy was properly filled pursuant to Rule 6(b)(2), Tenn.R. Crim.P. This issue is without merit.

■ Next, the appellant contends that he was denied a fair trial in that at the noon recess of his trial the Circuit Court Clerk

commented within the hearing of the jury that "if W. Lee Lackey (one of appellant's attorneys) is out looking for Little Boy Ivey, there is no telling when he will be back." The appellant argues that this comment left the jury with the impression that the appellant was lying in his explanation of his possession of the stolen goods. It appears that the appellant was jointly represented at trial by Mr. Lackey of the Tennessee bar and Mr. W. A. Barnett of the Alabama bar. The only proof in the record that such a comment was made is in the affidavits of Mr. Barnett and the appellant which were attached as exhibits to appellant's motion for a new trial. The affidavits allege that the comment was made in the presence of Mr. Barnett and the appellant but before Mr. Lackey and the trial judge returned to the courtroom. This comment was not called to the trial judge's attention at trial and was first alleged as error in appellant's motion for a new trial. The appellant has waived this issue. Rule 36(a), Tennessee Rules of Appellate Procedure; *Woodson v. State*, 579 S.W.2d 893 (Tenn.Cr.App.1978). Moreover, there is no proof in the record that any juror heard the alleged comment. This issue is without merit.

Next, the appellant claims that the trial judge erred in denying his motion for a bill of particulars requesting the state to furnish (1) the exact time and date that the occurrence took place; and (2) the exact street address and physical description of the location where the crime took place. The indictment stated that "on or about" December 27, 1978, the appellant burglarized the home of "J. D. Tune, in the daytime, said dwelling house being located on Waterloo Road, Route 1, Savannah, Tennessee." The bill of particulars was denied because the district attorney general did not have knowledge as to the facts requested. We find it difficult to believe that the district attorney general was unable to narrow the time and place that the offense was alleged to have been committed, especially with regard to the date of the offense. Nonetheless, weighing the degree of uncertainty in this indictment against appellant's apparent lack of surprise and his thorough

alibi presentation, any error in denying the motion was at most harmless. Rule 36(b), Tennessee Rules of Appellate Procedure. This issue is without merit.

In the appellant's last issue presented for review, he contends that the trial judge abused his discretion in denying his petition for a suspended sentence. At the hearing on the petition, the appellant maintained his innocence of the burglary and, for this reason alone, the trial judge denied the petition. In the trial judge's opinion, the appellant had not told the truth and therefore showed no repentance or remorse.

The probation report showed that the appellant had one DWI conviction. In his remarks the trial judge recognized that the appellant had a good report, that he worked, that he had a good job and supported his four–year–old son. The court found no adverse *Stiller* factor and did not base his denial on deterrence.

We know of no rule in this state requiring a defendant to admit his guilt in order to seek probation. While the circumstantial evidence here supports the verdict, neither the appellant nor any of his alibi witnesses were impeached. Although this court has held that truthfulness and repentance are permissible factors for the trial judge's consideration along with other factors (see *Jerry David Herrell v. State*, filed August 30, 1978, at Knoxville, and *Arter Ball v. State*, filed April 23, 1979, at Knoxville), under the facts of this case, we think that the trial judge abused his discretion in denying probation solely because he did not believe the appellant's denial of guilt.

We affirm the conviction but remand the case to the trial court for the entry of an order of probation to include "such conditions of probation as the trial judge shall deem fit and proper." T.C.A. sec. 40–2902. See *Moten v. State*, 559 S.W.2d 770 (Tenn. 1977).

DUNCAN and TATUM, JJ., concur.