## Norfolk

VINCENT PERSON

v.

COMMONWEALTH OF VIRGINIA

No. 0688-88-1

Decided March 13, 1990

COUNSEL

Peter T. Legler, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—In a trial by jury, Vincent Person, appellant, was convicted of abduction, robbery, malicious wounding, unauthorized use of an automobile and attempted robbery. On appeal, Person argues that the trial court erred by overruling his motion to set aside the jury's verdict on the robbery charge based on insufficiency of evidence. We find the evidence was sufficient to support the jury's verdict, and therefore, the trial court did not err by overruling Person's motion.

Viewed in the light most favorable to the Commonwealth, *Beck v. Commonwealth*, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986), the facts are as follows. At approximately 5:20 a.m. on October 27, 1987, Nell Guffey parked her car on the far side of the back parking lot of Virginia Beach General Hospital where she worked. Guffey exited her vehicle, locked the doors, and locked her purse in the trunk. Guffey testified that when she turned around, a car occupied by two men (later identified as Person and his accomplice Brickhouse) was parked very close to the back end of her car. It was still dark outside, and Guffey had not heard or seen the vehicle until she turned to go into the hospital. Both men approached her, and Person asked her if she worked at the hospital. When Guffey responded affirmatively, Person grabbed her arm and jerked her around. Brickhouse also grabbed her, and the two of them forced her into the back seat of their car. Guffey testified that Person was in the driver's seat, and Brickhouse was in the back seat with her. Person repeatedly demanded money from Guffey and threatened to kill her. At Person's orders, Brickhouse slashed Guffey's face with a knife several times when her answers to their demands for money proved unsatisfactory. Guffey stated that they covered her head, pushed her down in the seat and drove off. Guffey testified that she "could feel them pulling off not too far; and they stopped" as Person again demanded money from her. Guffey told them she had a five

dollar bill in her pocket and a five dollar bill in the glove compartment of her car. According to Guffey's testimony, Person left for several minutes and then returned and made Guffey identify her car key. Person left again and was gone approximately fifteen or twenty minutes. When Person returned he was carrying Guffey's purse, which had been locked in the trunk of her vehicle, and he told Brickhouse to "kill her" because "she didn't have but a five in the car pocket." A subsequent examination of Guffey's car revealed that the contents of the glove compartment were strewn about the front passenger seat, and the five dollar bill was missing.

In order to satisfy their continuous demands for money, Guffey told Person and Brickhouse that she could get more money if they would drive her to the automatic teller machine at her credit union. While at the credit union, Guffey was able to call for help. Person and Brickhouse were forced to flee the scene on foot because Person's vehicle would not start. Person was apprehended shortly thereafter by Officer William Morgan. Morgan testified that when he handcuffed Person, Person had a five dollar bill in his hand. Person was then placed in the custody of Detective Sandra Baum for questioning. While being questioned, Person asked Baum to buy him cigarettes with a five dollar bill he was holding. The five dollar bill could not be found later when Person was searched, and the bill was not produced at trial.

Because the evidence against him concerning the circumstances under which any money was taken was wholly circumstantial, Person argues that it was incumbent upon the Commonwealth to produce the five dollar bill missing from Guffey's automobile in order to meet its burden of proof. Specifically, Person argues that the evidence was insufficient to prove that he robbed Guffey because the Commonwealth did not prove that he took money from Guffey's person or her automobile since it did not produce the five dollar bill at the trial. We disagree.

In cases such as this where the evidence is wholly circumstantial, the Commonwealth's evidence "must be consistent with guilt and inconsistent with innocence." *O'Brien v. Commonwealth*, 4 Va. App. 261, 263, 356 S.E.2d 449, 450 (1987). The inferences " 'relied upon to establish guilt . . . must point to guilt so clearly that any other conclusion would be inconsistent therewith.' " *Moran v. Commonwealth*, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (quoting *Dotson v. Commonwealth*, 171 Va. 514, 518,

199 S.E. 471, 473 (1938)).

> To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty. Yet what inferences are to be drawn from proved facts is within the province of the jury and not the court so long as the inferences are reasonable and justified.

*O'Brien*, 4 Va. App. at 263, 356 S.E.2d at 450 (quoting *Higginbotham v. Commonwealth*, 216 Va. 349, 352-53, 218 S.E.2d 534, 537 (1975)). We find that, when viewed in the light most favorable to the Commonwealth, the evidence was sufficient to support Person's conviction of robbery.

██ In Virginia, robbery is a common law offense defined as

> the taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation. The phrase ". . . of the personal property of another, from his person or in his presence . . ." has been broadly construed to include the taking of property from the custody of, or in the actual or constructive possession of, another.

*Hairston v. Commonwealth*, 2 Va. App. 211, 214, 343 S.E.2d 355, 357 (1986) (quoting *Crawford v. Commonwealth*, 217 Va. 595, 597, 231 S.E.2d 309, 310 (1977)); *see also Bunch v. Commonwealth*, 225 Va. 423, 439-40, 304 S.E.2d 271, 280-81, *cert. denied*, 464 U.S. 977 (1983); *Durham v. Commonwealth*, 214 Va. 166, 168, 198 S.E.2d 603, 605-06 (1973).

Guffey testified that after she told Person about the five dollar bill in the glove compartment of her car and identified her car key, Person disappeared for approximately fifteen or twenty minutes. Although Guffey was unable to see where Person went because Brickhouse was holding her down in the seat, Guffey testified that Person returned with her purse. Further, Person told Brickhouse to "kill her" because "she didn't have but a five in the car pocket." Person was holding a five dollar bill when he was arrested and questioned. The bill was missing from Guffey's car

when the authorities examined it, and the contents of the glove compartment were strewn about in the front seat. We find that this evidence was sufficient for the jury to infer that Person took the five dollar bill from Guffey's car. Moreover, the evidence clearly established that Person took Guffey's money against her will by violence and intimidation with the intent to steal it.

Person's assertion that the Commonwealth's failure to produce the five dollar bill at trial created a fatal break in the chain of necessary circumstantial evidence is without merit. It was not necessary to produce the five dollar bill taken from Guffey because the totality of the circumstantial evidence excludes any reasonable hypothesis that the five dollar bill Person was holding when arrested was any other than the one taken from Guffey. Any other hypothesis flows from the imagination of Person's counsel and not from the evidence. *See Williams v. Commonwealth*, 234 Va. 168, 176, 360 S.E.2d 361, 366 (1987), *cert. denied*, 484 U.S. 1020 (1988).

We further find that the Commonwealth established that the five dollar bill was taken from Guffey's person or presence. The robbery began at the trunk of Guffey's car when Person and Brickhouse violently grabbed her, forced her into their car and demanded money. The robbery continued until Guffey was able to get help and Person and Brickhouse fled. *See Briley v. Commonwealth*, 221 Va. 532, 543, 273 S.E.2d 48, 55 (1980), *cert. denied*, 451 U.S. 1031 (1981)("where the violence against the victim and the trespass to [her] property combine in a continuing, unbroken sequence of events, the robbery itself continues as well for the same period of time"). Thus, because the five dollar bill was in Guffey's presence at the inception of the robbery, this was sufficient to prove that it was taken from her presence, and we need not decide whether it remained in her presence when Person "pull[ed] off not too far; and . . . stopped."

For the foregoing reasons, we hold that the evidence was sufficient to support the jury's verdict, and we affirm Person's conviction of robbery.

*Affirmed.*

Baker, J., and Coleman, J., concurred.