DAVID JEROME SAUNDERS

v.

COMMONWEALTH OF VIRGINIA

No. 1056-93-3

Decided August 23, 1994

Counsel

Lisa D. Webb (Office of the Public Defender, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Opinion

**KOONTZ, J.**—David Jerome Saunders (Saunders) appeals his conviction in a bench trial for grand larceny from the person. Saunders contends that the evidence adduced at trial failed to demonstrate both his intent to commit larceny and that his taking of the property occurred from the person of the victim. In the alternative, Saunders contends that the evidence failed to exclude a reasonable hypothesis of his innocence. Limiting our holding to the specific facts of this case, we disagree and affirm Saunders's conviction.

Under well established principles of appellate review, we consider the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is

plainly wrong or without evidence to support it." *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680).

In light of this standard, the evidence adduced at trial established that Saunders observed Angeline Goods (Goods), a former co-worker, walking along Jefferson Avenue in Danville, carrying her pocketbook openly, sometime after 10:00 p.m. on the night of April 30, 1992. Saunders offered to drive Goods to her home, telling her that he first had to meet a friend. Goods agreed to accompany Saunders. She sat on the front passenger seat of Saunders's vehicle and placed her pocketbook on the floorboard between her legs.

Saunders drove to Holland Road, a secluded, dead-end street. Saunders told Goods that his friend was not at home. He pulled the vehicle to the end of the street and said that he needed to use the bathroom. Saunders left Goods in the vehicle and walked some distance away. When Saunders returned to the vehicle, he removed a metal object from under the driver's seat and struck Goods on the head with it. Goods exited the vehicle and began to struggle with Saunders. Saunders tore at Goods's clothes and threatened "to kill" her. Continuing to struggle for some time, Goods was able to escape and ran, stripped to the waist and bloody, to seek help at a nearby house. Police investigating the attack found numerous articles of clothing and jewelry belonging to Goods at the scene of the attack that night and a gold chain belonging to Goods the following morning. Goods's pocketbook and its contents were never recovered.

Saunders was indicted by the grand jury of the City of Danville for malicious wounding, Code § 18.2-51, and for robbery, Code § 18.2-58. At trial, the robbery charge was reduced to the lesser included offense of larceny from the person of property valued in excess of five dollars, Code § 18.2-95. Saunders was also convicted of malicious wounding. [1]

Saunders contends that the evidence adduced at trial was insufficient to support his conviction for larceny from the person because the Commonwealth failed to demonstrate his intent to take

---

[1] By order entered on December 2, 1993, a panel of this Court denied Saunders's appeal of that offense.

Goods's pocketbook and its contents. We disagree.

■ Crimes of theft, such as larceny and robbery, are specific intent crimes. The intent required to commit larceny, the *animus furandi*, is defined as the taking of property with the mental design of permanently depriving the owner of possession of the goods. *Nelson v. Commonwealth*, 12 Va. App. 268, 270, 403 S.E.2d 384, 386 (1991). "The *animus furandi* must accompany the taking, but the wrongful taking of property in itself imports the *animus furandi*." *Dunlavey v. Commonwealth*, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945). *See also Jones v. Commonwealth*, 3 Va. App. 295, 300, 349 S.E.2d 414, 418 (1986).

The evidence here establishes that Saunders observed Goods walking alone, late at night. Goods was carrying her pocketbook openly, and it was reasonable for the trial judge to infer that Saunders observed this fact. When Goods accepted Saunders's offer of a ride, she entered the vehicle and placed her pocketbook on the floorboard, keeping it between her legs. Again, it was reasonable for the trial judge to infer that Saunders was aware of this action. On the pretext of visiting a friend, Saunders drove to an isolated location, where he violently assaulted Goods, forcing her to flee. The mere fact that Saunders had the intent to commit malicious wounding does not exclude the hypothesis that he also formed the intent to steal Goods's property.

■ When proving specific intent from attendant circumstances, "the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the *corpus delicti* and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty." *Person v. Commonwealth*, 10 Va. App. 36, 39, 389 S.E.2d 907, 909 (1990) (quoting *O'Brien v. Commonwealth*, 4 Va. App. 261, 263, 356 S.E.2d 449, 450 (1987)). Here, as in *Person*, the theft and assault were part of the unbroken sequence of events. *Id.* at 40, 389 S.E.2d at 910; *see also Briley v. Commonwealth*, 221 Va. 532, 543, 273 S.E.2d 48, 55 (1980), *cert. denied*, 451 U.S. 1031 (1981) (holding that where the violence against the victim and the trespass to her property combine in a continuing, unbroken sequence of events, both the crime of assault and the crime of robbery are ongoing during the assault). Accordingly, we cannot say that the trial judge erred in finding that Saunders had formed the requisite intent to commit larceny

prior to or contemporaneous with his design to assault Goods.

Saunders further contends that the Commonwealth failed to demonstrate that the taking occurred from Goods's person. We recognize that *Person* and *Briley* involved the crime of robbery, which allows the taking of property from the person *or in her presence.* In proving grand larceny from the person, the Commonwealth is excluded from relying on the expansive view of the zone—person or presence—from which the taking could occur that is available to it when prosecuting for robbery. *See Person,* 10 Va. App. at 39, 389 S.E.2d at 909. Instead, the evidence must show that the taking was from the victim's person.

Saunders asserts that if a taking occurred, it was after Goods fled from his assault, and therefore was not from her person. We disagree. As noted above, the theft and assault were part of an unbroken sequence of events. When Saunders forced Goods from the vehicle and then continued the assault outside, his acts precipitated a taking of Goods's property. At the time the assault and the concomitant theft began, the evidence establishes that Goods had the pocketbook tucked between her legs, which qualifies as being "on her person" for the purposes of Code § 18.2-95. *Cf. Prigmore v. State,* 565 S.W.2d 897, 899 (Tenn. Crim. App. 1977) (purse tucked between body and arm of woman seated on a park bench was "on her person" for purposes of proving grand larceny from the person).

Finally, Saunders contends that even if the evidence was sufficient to support a finding that he possessed the requisite intent to commit larceny and to execute a taking from Goods's person, the evidence of the taking was circumstantial and did not exclude the possibility that the pocketbook was dropped by Goods at the scene of the assault and was lost there or was found and taken by some other person. We recognize that in a case based upon circumstantial evidence, the Commonwealth must exclude every hypothesis of innocence. *Cantrell v. Commonwealth,* 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988), *cert. denied,* 496 U.S. 911 (1990). However, whether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every conceivable possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt. *Id.; see also Bridgeman v. Commonwealth,* 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986). Furthermore, the

Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant. *Cook v. Commonwealth*, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983); *Fordham v. Commonwealth*, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991).

Here, the evidence is not wholly circumstantial. The trial court received direct evidence through testimony from the victim establishing the presence of her property on her person. Saunders proposes as a reasonable hypothesis supporting his innocence the possibility that the pocketbook may have fallen from the car during Goods's flight.

Saunders relies on *Maynard v. Commonwealth*, 11 Va. App. 437, 399 S.E.2d 635 (1990), where we held that the mere absence of money from the victim's purse, which absence was discovered the morning after she had been assaulted in her home, was insufficient to support the Commonwealth's assertion that the accused had broken and entered the home with the intent to commit larceny. *Id.* at 453, 399 S.E.2d at 644. We said that "the trier of fact could find an intent to commit larceny only by resorting to surmise and speculation." *Id.*

The facts of the present case are readily distinguished from those in *Maynard*. In *Maynard*, the victim testified that her

> wallet had been wrapped several times with a rubber band and tucked inside her purse on the floor. When she retrieved her purse from its resting spot the morning after the attack, she noticed nothing unusual about its appearance. Neither the purse nor the wallet bore any obvious signs of tampering.

*Id.* Here, the pocketbook was last known to have been in a vehicle under Saunders's exclusive control and was never recovered. However, in *Maynard*, the evidence failed to exclude the possibility that the missing money had been mislaid or stolen prior to the assault. Here, the pocketbook was found in Goods's exclusive possession until Saunders instigated the theft and assault upon her.

Saunders's hypothesis that the pocketbook was inadvertently expelled from the vehicle during his initial assault on Goods does not flow logically from the evidence. The police searched the area of the assault immediately after the attack and on the following

morning. Although recovering Goods's clothing and jewelry, no trace of the pocketbook or its contents was found in the vicinity. Here, the "surmise and speculation" required on the part of the trier of fact defeats the hypothesis of innocence, leaving intact the reasonable inferences that the pocketbook remained in the vehicle and that Saunders retained the pocketbook or disposed of it in such a way as to deprive Goods of it permanently.

For these reasons, Saunders's conviction is affirmed.

*Affirmed.*

Coleman, J., and Elder, J., concurred.