COURT OF APPEALS OF VIRGINIA

Present:  Judge Benton, Senior Judge Cole
          and Retired Judge Trabue*
Argued at Richmond, Virginia

AVARETTE M. EBERWIEN, S/K/A
 AVERETTE M. EBERWIEN

                                    MEMORANDUM OPINION** BY
v.   Record No. 0671-93-2            JUDGE KENNETH E. TRABUE
                                       NOVEMBER 14, 1995
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF HANOVER COUNTY
                  Richard H.C. Taylor, Judge

          Denis C. Englisby (Englisby & Englisby, on brief), for
          appellant.

          Richard B. Smith, Assistant Attorney General (James S.
          Gilmore, III, Attorney General, on brief), for appellee.


     Averette M. Eberwien (Eberwien) appeals his convictions for

 first degree murder and use of a firearm in the commission of a

felony.  Eberwien contends that the trial court erred (1) in

granting the Commonwealth's pretrial motion to exclude testimony

and physical evidence which Eberwien contends the admission of

which would have shown that another person committed the murder;

(2) in denying Eberwien's motion for a continuance when the

prosecution presented new demonstrative evidence; (3) in refusing

appellant's jury instruction regarding circumstantial evidence;

and (4) evidence presented at trial was insufficient to sustain

Eberwien's murder conviction.  For the reasons stated below, we

---

          *Retired Judge Kenneth E. Trabue took part in the
consideration of this case by designation pursuant to Code
§ 17-116.01.

          **Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

affirm.

## I.
## Factual Background

On January 5, 1992 Eberwien told his wife's sister and her sister's boyfriend that it would be inexpensive to hire a "hitman."  Three days later, in the presence of Eberwien's stepson, Eberwien and his wife discussed the possibility of divorce and the division of marital property, although neither had filed for divorce at that time.  During this meeting Eberwien told his wife that he could have her murdered the next day, but that in order to do so he would have to make it appear as though it was a burglary.  The wife responded to this by saying that she had made arrangements to have any demise investigated.

On January 15, 1992, the Hanover County police received a call from Eberwien that an intruder wearing a black ski mask shot his wife in their home in the Rockville area of Hanover County. Eberwien told the police that the intruder killed his wife, then beat him across the back and fled.  When the police arrived at Eberwien's home, they found his wife lying dead on the floor with a gunshot wound to the head.

When the police questioned Eberwien, he told them that he met an intruder in the hall, and that the intruder made him and his wife crawl on their hands and knees throughout the house to check each room.  Eberwien had told the police dispatcher he spoke with earlier that he was walking through the hall when the intruder emerged from the den holding Mrs. Eberwien.  Eberwien

spoke with other officers at the scene as well, and gave several different versions of events. At trial, officers testified that when they arrived at the murder scene, Eberwien's pants were not scuffed or dirty, nor did he show any signs of physical injury except a slight scratch on his hand. When Eberwien was taken to the hospital for examination, the hospital reported that there were no visible signs of injury.

Eberwien also told police that the intruder made him and his wife lie down on the floor next to one another and that the intruder then shot his wife. However, the gunshot wound to the victim's head caused a large spray of blood and body tissue across the floor where Eberwien claimed to have been lying. A blood spatter pattern analysis expert testified that someone lying where Eberwien claimed to have been lying would have been covered in the victim's blood and brain matter. Police testified that Eberwien's clothing did not appear to have any blood stains with the exception of some blood stains on his sleeve, which an expert in forensic serology and fabric separation testified is consistent with the backspray of blood resulting from firing upon a body at close range.

The day following the murder, a state police officer and a trained dog made a thorough search of the area surrounding the murder scene and were unable to find any evidence pertaining to the murder. However, the following day the victim's brother and a friend searched the same area and discovered a black ski mask lying in plain view near the road leading to the house. Forensic

experts testified at trial that there was no interchange of fibers between the ski mask and the house, victim or Eberwien.

## II.
### Pretrial Motion To Exclude

Eberwien contends that the trial court erred in granting the Commonwealth's pretrial motion to exclude evidence which he alleged tended to show that the murder may have been committed by Chris Sprenkle. The Commonwealth made a motion in limine to exclude all evidence pertaining to Sprenkle, which the trial court granted. The defense had intended to present evidence that Sprenkle, who had subsequently died, was a known burglar and murderer and that he was in the area prior to the murder. In addition, Eberwien wanted to present evidence that Sprenkle owned sawed-off shotguns and that around the time of the murder, Sprenkle was driving a red pickup truck and wore facial hair. Eberwien contends that these facts were relevant because a witness saw a red and white pickup truck near the murder scene on the day of the murder and because the ski mask found near Eberwien's house contained facial hair that could not be matched with Eberwien.

In support of its motion, the Commonwealth presented evidence that Sprenkle had left Virginia several days prior to the murder. An expert for the Commonwealth testified as to Sprenkle's modus operandi in previous burglaries and murders and stated that he could find no connection between Sprenkle's known crimes and the Eberwien killing. In addition, the Commonwealth

-4-

presented evidence that the hair samples taken from Sprenkle were not consistent with any hair found on the ski mask, and defense counsel agreed with this assertion. Also, evidence at the hearing indicated that Sprenkle's sawed-off shotgun was not the weapon that fired the shell used in murdering Alice Eberwien.

In Virginia, evidence that a crime was committed by someone other than the person accused of that crime is admissible for purposes of generating a reasonable doubt regarding the guilt of the accused. Weller v. Commonwealth, 16 Va. App. 886, 890, 434 S.E.2d 330, 333 (1993). However, the evidence introduced must point directly to the guilt of the third party, and the admissibility of circumstantial evidence tending to prove the guilt of the third person is left to the discretion of the trial court. Id. Here, Eberwien did not offer any evidence whatsoever linking Sprenkle to the murder. In fact, all of the evidence presented at the pretrial hearing indicated that it was not Sprenkle who committed the murder. Thus, the trial court did not abuse its discretion in refusing to admit testimony concerning Sprenkle.

### III.
### Denial of Continuance

Eberwien contends that it was reversible error for the trial court to refuse his motion for a continuance when, the day before trial, the prosecution provided the defense with a blood spatter diagram that differed from the diagram provided to the defense during discovery. After the murder, the Commonwealth's expert

prepared a blood spatter diagram showing a two hundred degree arc of blood spray from the victim.  Later, this expert revised the diagram to indicate a two hundred and seventy degree arc of blood spray.  When the Commonwealth attempted to introduce this latter diagram into evidence, Eberwien asked the court that either the new chart not be allowed into evidence or that the court grant a continuance so that his expert could evaluate the new diagram.  The court denied the request for a continuance and allowed the more recent diagram to be admitted.

Whether a continuance should be granted or denied is a matter within the sound discretion of the trial court, and a decision one way or the other will not be disturbed on appeal in the absence of a showing that discretion has been abused.  Thomas v. Commonwealth, 244 Va. 1, 13, 419 S.E.2d 606, 612, cert. denied, ___ U.S. ___, 113 S. Ct. 421 (1992).  Admission of items of demonstrative evidence to illustrate testimonial evidence is also a matter within the sound discretion of a trial court. Mackall v. Commonwealth, 236 Va. 240, 254, 372 S.E.2d 759, 768 (1988), cert. denied, 492 U.S. 925 (1989).  Furthermore, we cannot find an abuse of discretion unless Eberwien's case was prejudiced in that he was denied the opportunity to present material evidence.  "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  Robinson v. Commonwealth, 231 Va. 142, 151, 341 S.E.2d 159, 164 (1986) (citation omitted).

Eberwien has failed to establish that he was prejudiced by the admission of the second diagram.  The evidence was introduced for demonstrative purposes only, and the real evidence did not change.  While Eberwien proffered that his expert witness wanted additional time to review the second overlay, there is no evidence in the record showing that Eberwien's expert could present evidence rebutting that of the Commonwealth's expert based on the first diagram.  Furthermore, Eberwien was able to present the first diagram showing the two hundred degree arc of blood spray in order to impeach the accuracy of the Commonwealth's second diagram.  "An appellant must demonstrate that the excluded evidence is relevant and material and that the party was entitled to have it introduced in order to establish on appeal that the trial court erred by excluding it."  Toro v. City of Norfolk, 14 Va. App. 244, 254, 416 S.E.2d 29, 35 (1992).  Thus we find that the trial court did not abuse its discretion in denying Eberwien's motion for a continuance.

IV.
Jury Instruction

Eberwien further contends that the trial court erred in refusing his jury instruction regarding circumstantial evidence.  Eberwien requested the following instruction: "There is no stronger presumption afforded than that an accused is presumed innocent, which cannot be overthrown except by proof of his guilt beyond a reasonable doubt.  Where inferences are relied upon to establish guilt, they must point to the guilt so clearly that

-7-

other conclusions would be inconsistent therewith."  Eberwien took this language from <u>Moran v. Commonwealth</u>, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987), and we have more recently used the same language in <u>McQuinn v. Commonwealth</u>, 19 Va. App. 418, 427, 451 S.E.2d 704, 709 (1994) (Judge Benton, dissenting), <u>aff'd on reh'g en banc</u>, 20 Va. App. 753, 460 S.E.2d 624 (1995), and <u>Person v. Commonwealth</u>, 10 Va. App. 36, 38, 389 S.E.2d 907, 909 (1990).  However, in each of these cases the court was expounding a principle of law, not instructing a jury.

Though this language explains the relevance of circumstantial evidence, Eberwien was not entitled to have it presented as a jury instruction.  Parties are entitled to appropriate instructions on the law relevant to their case. <u>Banner v. Commonwealth</u>, 204 Va. 640, 133 S.E.2d 305 (1963). However, "when one instruction correctly states the law, multiple instructions upon the same legal principle are undesirable." <u>Tuggle v. Commonwealth</u>, 228 Va. 493, 508, 323 S.E.2d 539, 548 (1984), <u>cert. granted and vacated on other grounds</u>, 471 U.S. 1096 (1985).  In this case, the court already chose to grant the Commonwealth's instruction from the <u>Virginia Model Jury Instructions</u>: "When the Commonwealth relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence.  It is not sufficient that the circumstances proved create a suspicion of guilt, however strong, or even a probability of guilt.  The evidence as a whole must exclude every reasonable theory of innocence."  This instruction

–8–

fully elucidated the legal principle involved, and there was no need to substitute Eberwien's suggestion. The court's refusal to grant instructions on a legal principle already fully covered by other instructions is not an abuse of discretion. <u>Eaton v. Commonwealth</u>, 240 Va. 236, 397 S.E.2d 385 (1990), <u>cert. denied</u>, 502 U.S. 824 (1991); <u>Stockton v. Commonwealth</u>, 227 Va. 124, 314 S.E.2d 371, <u>cert. denied</u>, 469 U.S. 873 (1984); <u>Willis v. Commonwealth</u>, 10 Va. App. 430, 393 S.E.2d 405 (1990). If the jury is properly instructed on the relevant principles of law, it is not error for the court to refuse additional instructions on the same matters. <u>Williams v. Commonwealth</u>, 228 Va. 347, 323 S.E.2d 73 (1984). Thus, Eberwien did not have the right to have his particular instruction given to the jury when the court's instruction as tendered by the Commonwealth already covered this principle, and his appeal therefore fails on this issue.

## V.
## Sufficiency

Finally, Eberwien contends that the evidence at trial was insufficient to sustain his convictions. We disagree. When the sufficiency of the evidence is challenged on appeal, we must construe the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Even though in the present case the evidence was primarily circumstantial, the inferences drawn from circumstantial evidence are within the province of the jury

and not the appellate court so long as the inferences are reasonable and justified.  O'Brien v. Commonwealth, 4 Va. App. 261, 263, 356 S.E.2d 449, 450 (1987).

Here, there was evidence that Eberwien mentioned the possibility of murdering his wife to several people shortly before her death, even stating that he could disguise his guilt by making it appear as though the murder had been committed by a burglar.  When police arrived at the murder scene, Eberwien gave numerous different accounts of the events leading up to his wife's murder, and the evidence taken from the murder scene was completely inconsistent with any of the versions provided by Eberwien.  In addition, there was expert testimony that the blood stains on Eberwien's sleeve following the murder were typical of the backspray caused by firing at a body at close range.  Thus taken in the light most favorable to the Commonwealth, there is sufficient evidence to sustain Eberwien's conviction for both charges.

For these reasons, we sustain Eberwien's convictions.

Affirmed.