COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


BECKY BISHOP CONLEY,
 A/K/A BECKY IRENE BISHOP
                                  MEMORANDUM OPINION[*] BY
v.         Record No. 0488-96-2    JUDGE LARRY G. ELDER
                                      FEBRUARY 18, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                  Paul M. Peatross, Jr., Judge


            Llezelle Agustin Dugger (David L. Heilberg,
            on briefs), for appellant.

            Kimberley A. Whittle, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


    Becky Bishop Conley (appellant) appeals her conviction of

petit larceny.  Appellant contends that the evidence was

insufficient to support her conviction.  For the reasons that

follow, we reverse.

                              I.

                            FACTS

    On March 2, 1995, the victim entered a fast-food restaurant

carrying a pocketbook that contained $150 in cash.  The victim

hung her pocketbook on the back of a highchair for thirty minutes

while she ate lunch with her two young children.  After finishing

their lunch, the victim and her children departed the restaurant

---
    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to shop at a nearby grocery store. The victim left the restaurant without her pocketbook, soon realized that it was missing, and returned "approximately five minutes" later to retrieve it.

Appellant was a shift manager at the restaurant. As the lunch rush waned on March 2, 1995, appellant entered the lobby area of the restaurant and began cleaning tables and collecting abandoned newspapers. Another employee had previously been sent to clean the lobby area. Between seven and ten customers were in the lobby area while appellant cleaned. At some point prior to the victim's return, appellant became aware of and picked up the victim's pocketbook. Appellant asserts that her attention was called to the pocketbook by an unidentified patron. When the victim returned to the restaurant, she found appellant and a co-worker together in the rest room. Appellant was holding the pocketbook and some newspapers "close up to her chest," and both appellant and the co-worker opened their mouths when they saw the victim. The record did not establish that the pocketbook was either open or had been opened. The victim asked appellant for her pocketbook, and appellant returned it to her.

Shortly thereafter, the victim discovered that the $150 in cash was missing from her pocketbook and accused appellant of stealing it. The police were called to investigate. At some point before the arrival of the police, appellant left the building to take trash to the outside trash bins. After an

officer arrived, appellant offered to be searched, but no search was conducted. The missing money was never recovered. At trial, appellant testified that she was not in the rest room when the victim confronted her, but near the "play area."

## II.

### SUFFICIENCY OF THE EVIDENCE

Appellant argues that the evidence fails to prove that appellant was the thief who stole the money from the victim's pocketbook. We agree.

In every criminal prosecution, the Commonwealth has the burden of proving "that the crime charged has actually been perpetrated; and . . . that it was committed by the accused." Goldman v. Commonwealth, 100 Va. 865, 878, 42 S.E. 923, 924 (1902). Larceny is defined as the "wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). When considering the sufficiency of the evidence on appeal, "we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The judgment of a trial court sitting without a jury will not be set aside unless plainly wrong or without evidence to support it. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Although the evidence proved that a larceny occurred, we hold that the evidence was not sufficient to prove that appellant was the thief who stole the victim's money. The Commonwealth relied upon circumstantial evidence to prove that appellant took the money from the victim's pocketbook. In a case based upon circumstantial evidence, "the Commonwealth must exclude every reasonable hypothesis of innocence. However, [the Commonwealth] is not required to disprove every conceivable possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt." Saunders v. Commonwealth, 18 Va. App. 825, 829, 447 S.E.2d 526, 529 (1994) (citations omitted). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence." Id. at 829-30, 447 S.E.2d at 529.

While the circumstantial evidence in this case raises the suspicion that appellant was the thief, it does not exclude the possibility that some other employee or customer of the fast-food restaurant took the money from the victim's pocketbook. The evidence proved that appellant possessed the pocketbook for about five minutes, but no evidence established that appellant actually stole the victim's money. Nothing in the record indicates that the victim's $150 was in the pocketbook when appellant found it in the dining room. Although the victim testified that appellant was holding the pocketbook with a bundle of newspapers "close up to her chest" and "opened" her mouth when the victim confronted

her, the record does not establish that appellant ever opened the pocketbook or that appellant's expression at the sight of the victim was one of surprise. Moreover, the record indicates that numerous other persons in the restaurant besides appellant had an opportunity to steal the money. The evidence proved that the pocketbook hung from a highchair in the restaurant for at least thirty-five minutes. The restaurant was busy during the entirety of the victim's thirty-minute lunch, and seven to ten customers had access to the pocketbook during the time in between the victim's departure from the restaurant and appellant's retrieval of the pocketbook. Although it is possible to suspect that appellant was the thief, the circumstantial evidence in this case does not exclude the possibility that some other employee or customer at this busy restaurant stole the money from the victim's pocketbook either while the victim lunched with her children or during the time that the pocketbook was unattended.

For the foregoing reasons, we reverse the conviction of petit larceny.

Reversed.