**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

| | | |
|---|---|---|
| **CEDRIC LAFONTE FRANKLIN**, | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9809-CC-00289** |
| | ) | |
| vs. | ) | **LAUDERDALE COUNTY** |
| | ) | |
| **STATE OF TENNESSEE**, | ) | **No. 5153** |
| | ) | |
| Respondent. | ) | |

FILED

December 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

**O R D E R**

This matter is before the Court upon motion of the state to affirm the judgment of the trial court by order rather than formal opinion. See Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's dismissal of the petitioner's petition for writ of habeas corpus. On August 3, 1993, the petitioner was indicted on one count of first degree murder, one count of first degree felony murder, and one count of especially aggravated robbery. On January 21, 1994, the petitioner pled guilty to second degree murder and especially aggravated robbery. No appeal was taken. In his present petition, the petitioner claims that his conviction for second degree murder is void because second degree murder is not a lesser included offense of felony murder. The trial court found the petitioner was not entitled to habeas corpus relief and dismissed the petition.

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner's sentence has not expired. Additionally, the judgment in this case clearly establishes that the convicting court had jurisdiction to convict the petitioner of second degree murder. The petitioner was indicted for premeditated first degree murder in addition to felony first degree murder. Second degree murder is a lesser included offense of premeditated first

degree murder.  See e.g. State v. Belser, 945 S.W.2d 776, 790 (Tenn. Crim. App. 1996).  Contrary to the petitioner's argument, the two separate counts of the first degree murder indictment would not "merge" at trial.  See State v. Gautney, 607 S.W.2d 907 (Tenn. Crim. App. 1980).

Accordingly, for the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.  Costs of this appeal shall be taxed to the state.

_____
JOE G. RILEY, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE