[No. 6699. Decided June 26, 1907.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUIS EDDY, *Appellant*.[1]

LARCENY — INFORMATION — OWNERSHIP — STATUTORY PROVISIONS— VARIANCE. Under Bal. Code, § 6861, providing that, upon prosecutions for horse-stealing where the ownership is unknown, the property shall be deemed to be owned by the state of Washington, and that proof of the actual owner shall not be deemed a variance where the information alleges the state to be the owner, it is not necessary to allege that the ownership is unknown in an information charging that the horse was the property of the state of Washington.

SAME. In such a case, the state cannot be held to have known the actual ownership because its witnesses testified that the animal bore the brand of and was owned by S., where defendant denied such fact and claimed the animal to be without brand and an "outlaw."

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered November 26, 1906, upon a trial and conviction of the crime of horse-stealing. Affirmed.

*Sturdevant & Bailey*, for appellant.

*George H. Rummens*, for respondent.

HADLEY, C. J.—The appellant was charged, tried, and convicted under an information, the essential part of which is as follows:

"Comes now Geo. H. Rummens, the duly elected, qualified and acting prosecuting attorney for the county of Asotin, the state of Washington, and by this information complains of and accuses the above-named defendant, the said Louis Eddy, of the crime of horse-stealing, committed as follows, to wit: That he, the said Louis Eddy, in the county of Asotin, the state of Washington, on or about the first day of August, A. D. 1906, then and there being, did then and there unlawfully and feloniously take, steal, and drive away one gelding of the property of the state of Washington, of value."

It will be observed that the stolen property is described as the property of the state of Washington. At the trial certain

[1]Reported in 90 Pac. 641.

witnesses introduced by the state gave testimony which tended to show ownership in one Schulke.. Objection was made to the admission of this testimony, it being contended that it was not in support of the allegations of the information upon that subject. The objection was overruled. The court was also requested to instruct the jury that, before they could convict the defendant, they should find from the evidence beyond a reasonable doubt that the ownership of the horse was in the state of Washington at the time it was taken by the appellant, and that if they should not so find, they should return a verdict of not guilty. The instruction was refused. These rulings of the court are now assigned as error.

The information, so far as the matter of ownership is concerned, was drawn with reference to § 6861 of Bal. Code, (P. C. § 2114), which is as follows:

"In prosecutions under the provisions of sections 7113, 7125, 7127, where the owner of the property is unknown, such property shall, for the purpose of this code, be deemed and held to be owned by the state of Washington; and in all cases where the indictment or information alleges the state to be the owner of such property, and the proof on the trial discloses the name of the actual owner, it shall not be deemed a variance, or failure of proof, unless the defendant is the actual owner."

Appellant contends that the state should have alleged that the ownership was unknown. The statute does not require such an allegation, the existence of the fact of unknown ownership being sufficient to authorize the averment that the state is the owner. It is further argued that the state did, in fact, know the real ownership, inasmuch as the testimony of its own witnesses tended to show that Schulke was the owner. We think the testimony by no means shows that the state was assuredly advised as to the true ownership. While certain witnesses testified that the animal bore Schulke's brand, yet the fact was not admitted, and appellant himself testified that the horse was not branded, but that he was a "slick-ear," an "outlaw," which, in effect, means that the real ownership was un-

known.  The evidence showed plainly that the matter of the real ownership was doubtful, and it therefore made such a case as is contemplated by the statute quoted.  The state was not bound to allege the individual ownership, which it might not be able to prove.  The essential fact charged was that the appellant stole the animal, and this placed upon the state the burden of proving that neither the ownership nor the right of possession was in appellant, and that he took the possession with felonious intent.  Appellant could not have been misled to his prejudice.  If the state failed to prove the above-stated essential facts, he could not be convicted, and it was for the jury to determine what was established in that regard.  Appellant was chargeable with knowledge of the law, and when he was charged with having stolen "the property of the state of Washington," he was bound to know that, under the statute cited, the charge was broad enough to comprehend unknown ownership, and it was his duty to be prepared to meet such charge.

The judgment is affirmed.

MOUNT, FULLERTON, CROW, and ROOT, JJ., concur.