[No. 11438. Department Two. January 21, 1914.]

The State of Washington, *Respondent*, v. E. H. Crossen, *Appellant*.[1]

LARCENY—DEFENSES—CLAIM OF TITLE—INSTRUCTIONS. In a prosecution for the larceny of "one head of neat cattle," from a range or pasture, in which the defense was that the accused had bought a calf of an Indian, and drove in and butchered the animal in question supposing it was the one he had bought, it is error to refuse to instruct as to the defense of Rem. & Bal. Code, § 2608, providing that it is a defense to a prosecution for larceny "that the property was appropriated openly and avowedly under a claim of title preferred in good faith, even though the claim be untenable."

CRIMINAL LAW—TRIAL—PROVINCE OF COURT AND JURY—QUESTION OF FACT. Upon a prosecution for the larceny of "one head of neat cattle," referred to by the complaining witness as a steer, while defendant justified the taking of a "bull," claiming title, the court may not conclude the question of fact as to which was the correct description.

LARCENY—DRIVING CATTLE FROM RANGE—ESSENTIALS OF OFFENSE—INSTRUCTIONS. Upon a prosecution, under Rem. & Bal. Code, § 2605, subd. 4, for the larceny of one head of neat cattle by unlawfully taking it from a range or pasture, the jury should be instructed that it was essential to prove that the animal was taken or driven away from a range or pasture.

Appeal from a judgment of the superior court for Ferry county, Blake, J., entered February 19, 1913, upon a trial and conviction of grand larceny. Reversed.

*Cornelius & Hooper*, for appellant.

MORRIS, J.—Appeal from a conviction of grand larceny. The information charged the appellant with stealing "from a pasture and range one head of neat cattle," etc., and was evidently drawn under Rem. & Bal. Code, § 2605, subd. 4 (P. C. 135 § 703), including within the crime of grand larceny the unlawful taking of animals from any range or pasture. The defense was a taking under claim of right, appellant claim-

ing that he had purchased a calf from an Indian; that he went out on the range and drove in the calf he supposed he had purchased, and butchered it; and if the calf taken was the property of the complaining witness, it had been taken under the honest belief that it was the calf purchased from the Indian. Supporting this theory, the court was requested to charge the jury as follows:

"You are instructed that, if you should find from the evidence that the animal killed by the defendant was the animal described in and identified by the state's evidence, and that it belonged to H. J. Carlstein, still you must find the defendant not guilty if you should further find that the defendant had purchased a calf from the Indian Long Alex, and that he killed the animal described as belonging to Carlstein by mistake, believing it to be the calf he had purchased from the Indian."

This request was denied, and error is now predicated upon such denial. This instruction, or one of similar import, should have been given. Section 2608, Rem. & Bal. Code (P. C. 135 § 709), embodying what has long been the law, provides that:

"In any prosecution for larceny it shall be a sufficient defense that the property was appropriated openly and avowedly under a claim of title preferred in good faith, even though the claim be untenable."

It was, therefore, the duty of the court, under the defense made, to include this statute, or its equivalent, in the instructions given. The court's refusal seems to have been based upon the theory that the complaining witness described the animal taken as a "steer," while the appellant described the animal he took and butchered as a "bull," and the court concludes it could not have been the same animal. The animal appellant was on trial for unlawfully taking was the animal described in the information as "one head of neat cattle," which was the only description of the animal the court was bound by. We do not think the court was justified in refusing the instruction because of its memory as to the peculiar description given by any witness of the animal referred

to in the information. Further, to refuse the instruction upon this ground would be for the court to conclude that the complaining witness was correct in describing the animal taken as a steer while the appellant was mistaken in referring to it as a bull. We do not think the court would be justified in so concluding a question of fact.

Another error assigned is the court's definition of grand larceny as:

"Larceny is defined to be the felonious taking and carrying away of the property of another without the knowledge or consent of that other and with the intent of the party taking at the time of the taking to permanently deprive the owner thereof, and with the further intent at said time to wholly and permanently appropriate it to the use of the party taking."

Whatever may be said as to the general correctness of this definition as applied to grand larceny, it was not sufficiently broad because of the fact that, under this information and the section under which it was drawn, the unlawful taking to constitute grand larceny must be from a range or pasture. Further on, the jury were told that the first essential was to find that "one head of neat cattle referred to in the information was taken, led, or driven away." Here again the court falls short of the crime defined and the crime charged in failing to add "from any range or pasture." This limitation of place is just as much a part of the crime defined and the crime charged as any other ingredient, and it was error not to include it. We are not clear that we would consider these last errors as sufficiently prejudicial to say they call for a new trial, as it doubtless might well be contended that there was no issue as to the place from whence the animal was taken. We think, however, as the case must be reversed for the first error discussed, it is best to call attention to these other assignments in order to eliminate any like question upon a second trial.

Judgment reversed, and cause remanded for a new trial.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.