[No. 14792.   Department One.   December 28, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
W. S. WALKER, *Appellant.*[1]

WITNESSES (84)—CROSS-EXAMINATION OF ACCUSED—SELF-DEFENSE.
Upon an issue of self-defense, the state is entitled to show by cross-examination that the accused, after an altercation, had found a safe asylum by going to his garage and locking the door, where he obtained a gun with which he shot the deceased, indicating a voluntary return to the fray.

CRIMINAL LAW (387)—APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS TO EVIDENCE.  Error cannot be predicated on the failure to lay sufficient foundation for a dying declaration, in the absence of any objection to the evidence upon that ground.

CRIMINAL LAW (229)—HOMICIDE (88)—TRIAL—RECEPTION OF EVIDENCE—SCOPE OF REBUTTAL.  Where the accused testified to a conversation had with the deceased just prior to the killing, it is proper rebuttal for the state to call the wife of the deceased and give deceased's account of the conversation repeated to her in his dying declaration, under a sense of impending death.

CRIMINAL LAW (314)—HOMICIDE (95)—TRIAL—NECESSITY OF PARTICULAR INSTRUCTIONS—DYING DECLARATIONS.  It is not error to fail to instruct that dying declarations should be received with caution, in the absence of any request therefor; there being a wide distinction between misdirection and nondirection, where the charge is not mandatory by statute.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 9, 1917, upon a trial and conviction of manslaughter.  Affirmed.

*Marion A. Butler* and *A. C. Hough,* for appellant.

*Alfred H. Lundin* and *Everett C. Ellis,* for respondent.

CHADWICK, J.—Appellant had testified on cross-examination that, after an altercation with the deceased in which blows had been exchanged, he had gone into his garage and obtained the gun with which he shot

[1]Reported in 176 Pac. 315.

the deceased.   On cross-examination, he was inter-
rogated and answered as follows:

"Q.   There was no way he could have gotten in?
(referring to Sandulli).   A.   He might have gotten in.
Q.   Didn't you have any way of locking the door?   You
came in from the back?   A.   There was a way.   It could
be locked.   Q.   So, if you were running away from him
because you were afraid of him, you were absolutely
safe when you got inside of that building, weren't you?
Isn't that right?   Absolutely safe when you got inside
there?   A.   No, not absolutely safe.   Q.   Your front
door was locked, so he couldn't get in there?"

Counsel maintain that appellant was thus deprived
of the benefit of his plea of self-defense, in that it put
a duty of retreating further than the law requires upon
him, the theory being that a man may retreat to his
castle, but is not compelled to lock his door.   We find
no error in this regard, appellant having testified to
a fear sufficient to exonerate his act under a plea of
self-defense.   It was proper for the state to show on
cross-examination that he had found a safe asylum,
and that his conduct was such that the jury might con-
clude that his return to the fray was voluntary and not
under a necessity arising out of a sense of personal
insecurity.

When upon the stand appellant testified to a con-
versation had with the deceased just prior to the kill-
ing.   The wife of the deceased was called in rebuttal
and was asked whether her husband had repeated the
conversation to her.   After preliminary examination
in the absence of the jury, the court, admitted the tes-
timony as a dying declaration.   Error is predicated
upon two grounds: that no sufficient foundation had
been laid, and that it was not proper rebuttal.   The
woman is a foreigner and her testimony is not en-
tirely clear or consistent, but we are satisfied that the
declaration was made under a sense of impending

death, although we might reject the issue as a present subject of controversy, for the record will hardly bear out the assumption that any objection was made on the ground that no sufficient foundation for receiving the declaration had been laid.

We are also satisfied that it was proper rebuttal testimony. The witness did not undertake to detail the circumstances attending the altercation or the killing, nor did the state undertake to go further than to give the deceased's account of the conversation which led up to the fatal moment.

It is also assigned as error that the court did not charge the jury that it should receive the testimony which had been admitted as a dying declaration with caution. The court did not so instruct, neither was any instruction requested. It has been held to be error to refuse an instruction when such an instruction is requested, but this court is committed to the view that a case will not be reversed for mere nondirection of a jury except in those cases where the duty of the court to instruct is made mandatory by statute. *Lipsett v. Dettering*, 94 Wash. 629, 162 Pac. 1007; *State v. Hanes*, 84 Wash. 601, 147 Pac. 193. We have even gone so far as to hold that a failure to instruct as to the presumption of innocence is not error where no request was made. *State v. Ross*, 85 Wash. 218, 147 Pac. 1149.

*State v. Eddon*, 8 Wash. 292, 36 Pac. 139, and *State v. Mayo*, 42 Wash. 540, 85 Pac. 251, are relied on. It was held in these cases that an instruction to the effect that a dying declaration was to be treated as other evidence in the case was "too broad and liable to work injustice to the defendant." It will be observed that the court was guilty of a voluntary misdirection. Where the court assumes to instruct and instructs

wrongfully, an exception will save the right of the party litigant to have the matter reviewed in this court. There is, and must be of necessity, a wide distinction between misdirection and nondirection of a jury. In the one case, the trial judge, whose duty it is to declare the law, has actively assumed to perform that duty. If, in the exercise of it, he trenches upon the legal right of a party, an appellate court will correct the wrong. But where the trial judge overlooks the law, a party should not be allowed to take advantage of the error, for, as we said in the case of *State v. Ross, supra,* counsel owes some duty to the court to suggest the error so that it can be cured before the jury receives the case.

Another instruction is complained of. It is argumentative and not to be commended as a model, but it was passed as sufficient in the case of *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989.

We find no error, and the case is affirmed.

MAIN, C. J., MACKINTOSH, MITCHELL, and TOLMAN, JJ., concur.