[No. 21839.   Department One.   August 5, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. WM.
BEHRENS *et al., Appellants.*[1]

*H. N. Martin,* for appellants.

*H. A. Davis,* for respondent.

[1]Reported in 279 Pac. 607.

HOLCOMB, J.—Appellants were charged, jointly tried and convicted of the crime of grand larceny.

The charging part of the information is as follows:

"That they, the said William Behrens and Maturia F. Osterhout, and each of them in the county of Okanogan, state of Washington, then and there being, did, then and there, willfully, unlawfully and feloniously, on or about the 30th day of June, 1928, from the range of the Wauconda and Aeneas Valley Stock Association, one steer, the property of another, the true owner of said steer being unknown to the prosecuting attorney, take, steal, lead and drive away, with intent to deprive and defraud the owner thereof."

The defense was an appropriation of the animal under a claim of right. A challenge to the sufficiency of the evidence of the state to warrant the conviction of either appellant was made at the close of the case of the state, and denied. Motions in arrest of judgment and for a new trial after verdict were made and denied. Appellants were sentenced to the penitentiary, from which they appeal.

Appellants claimed, and introduced evidence tending to show, that a brother-in-law of Behrens, who was the alleged owner of the steer, had given Behrens the steer in payment of an old debt.

Mrs. Osterhout lived on a ranch which was used by her as a dairy ranch, and not for the raising of beef cattle, owned by her father, one Ellison. Behrens boarded with her and her father, and farmed an adjoining tract of land, also belonging to Ellison.

The evidence for the state shows that Behrens admitted to the sheriff that, on June 30, 1928, he drove a steer off the range, which would be a part of the Aeneas Valley Stock Association range, which is in Okanogan county and is a part of the Federal forest reserve, upon which the Aeneas Valley Stock and Wauconda Association members have grazing permits. He

also admitted that he butchered it in the barn the next day, Mrs. Osterhout assisting. The third day afterwards, the two drove from their home a distance of twenty-three miles to Tonasket, transporting three quarters of the beef with them, passed through Tonasket, where there were two meat shops, going on to Oroville, a distance of seventeen miles farther, where they sold the three quarters of the beef to a butcher. Mrs. Osterhout received the check in payment for the beef, amounting to $38.40. There is evidence that they caused to be destroyed, or concealed, the hide and head with their identifying brand and earmarks. Mrs. Osterhout falsely denied their taking the slaughtered beef to Oroville and selling it. There were other inconsistencies in their statements and conduct.

This being a felony case, the evidence to sustain the state's charge has been examined with care, largely from the statement of facts itself.

From the record in this case, without reviewing it in detail, there are ample circumstances, evidence, and inferences, warranting the jury in convicting both appellants. The facts and circumstances here are as strong as in *State v. Libby,* 89 Wash. 27, 153 Pac. 1058, 155 Pac. 746, where a conviction was upheld. While it is insisted, at least as to Mrs. Osterhout, that there was a total lack of testimony to show she had anything to do with the taking of the alleged animal from the range or killing it, there is evidence that she assisted in butchering it, marketing it and received the proceeds. These facts, manifestly, constitute her a partner in the crime and equally guilty with the other appellant.

It is insisted that no such range as the Wauconda-Aeneas Valley Stock Association range was established or attempted to be shown by the state. Reference to two pages of the statement of facts is

made to sustain this contention. The facts shown on those pages are not the only facts referring to the range of Wauconda-Aeneas Valley Stock Association. The evidence shows that there are two associations controlling open range in that part of Okanogan county, the boundary between the ranges being entirely imaginary.

The range was described in the information in such a manner as to enable a person of common understanding to know what was intended and with such a degree of certainty as to enable the jury to pass upon the facts and warrant the conviction, if they disbelieved the testimony on behalf of appellants tending to support their defense. Manifestly, such a range as alleged in the information is somewhat in the nature of a private pasture as inferred in the statute.

*State v. Crossen,* 77 Wash. 438, 137 Pac. 1030, relied upon by appellants to sustain this contention, is misapplied. What the court there had under consideration was an instruction given by the trial court omitting the element of the crime of stealing a neat animal, that "it was feloniously taken from any range or pasture." Here, both the information and the evidence establish that element.

It is further contended by appellants that there is no proof that the ownership of the steer was unknown to the prosecuting attorney.

The evidence showed plainly that the matter of real ownership was doubtful, and it therefore met such a case as is contemplated by Rem. Comp. Stat., § 2076, providing that, where the owner of the property is unknown, such property shall, for the purpose of the prosecution, be deemed and held to be owned by the state of Washington, etc. That statute is the same now as it was when this court decided the case of *State v. Eddy,* 46 Wash. 494, 90 Pac. 641, where we

held that the state was not bound to allege the individual ownership which it might not be able to prove. We there said:

"The essential fact charged was that the appellant stole the animal, and this placed upon the state the burden of proving that neither the ownership nor the right of possession was in appellant, and that he took the possession with felonious intent. Appellant could not have been misled to his prejudice. If the state failed to prove the above-stated essential facts, he could not be convicted, and it was for the jury to determine what was established in that regard."

Here, again, the circumstances are as plainly shown as in *State v. Libby, supra.*

■ Respecting the contention of appellants that the jury were not at liberty to disregard positive evidence on their behalf as to the claim of ownership in good faith, it is always the province of the jury to weigh the testimony and judge of the credibility of the witnesses testifying before them, and they are at liberty to reject any testimony by witnesses they deem unreliable or their testimony incredible.

■ It is also contended that the court erred in failing to properly instruct the jury respecting the claim of the appropriation of the animal under a claim of right of possession or ownership in good faith, although untenable, according to the provisions of Rem. Comp. Stat., § 2608. The statute reads:

"In any prosecution for larceny it shall be a sufficient defense that the property was appropriated openly and avowedly under a claim of title preferred in good faith, even though the claim be untenable."

The first answer to this claim of error is that the record shows no request for any instruction to be given in the language of the statute. That of itself makes the claim invalid. *State v. Ross,* 85 Wash. 218,

147 Pac. 1149; *State v. Walker,* 104 Wash. 472, 176 Pac. 315.

Moreover, the court did give an instruction comprehending that defense as follows:

"If you find from the evidence in this case that one, Tom Pickle, was the owner of any cattle running out on the open range in Okanogan county, and that he, the said Tom Pickle, authorized defendant Behrens to take up said cattle and retain the same for an indebtedness due him from said Pickle, and that thereafter said defendants, or either of them, butchered and sold any such animal in good faith, without intention to defraud the owner thereof, then the defendants would not be guilty of the crime charged."

The above instruction was much more favorable to appellants than merely instructing in the language of the statute. Although the record here does not so show, it was probably given at the request of appellants.

We find no merit in any of the contentions of appellants warranting a reversal.

Affirmed.

TOLMAN, FULLERTON, BEALS, and FRENCH, JJ., concur.