# Richmond

## THOMAS ORVAL DUNLAVEY v. COMMONWEALTH OF VIRGINIA.

November 19, 1945.

Record No. 3013.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*A. Clair Sager*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *M. Ray Doubles, Assistant Attorney General*, for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The accused, Thomas Orval Dunlavey, was indicted for the larceny of an automobile. He was tried by the court without the intervention of a jury, a jury having been waived. He was found guilty and sentenced to the penitentiary for three years.

The indictment charged that the accused, on the 22nd day of November, 1944, in the city of Richmond, did unlawfully and feloniously take, steal and carry away, one Ford automobile, of the value of $474, which was the property of one J. T. Martin. The evidence was agreed upon in accordance with section 6342 of the Code (Michie, 1942). It is as follows:

"On Wednesday, November 22, 1944, the automobile designated and described in the indictment against the defendant was stolen by one Louis Hall, aided and abetted by one, Raymond White. Dunlavey, the defendant, had no connection whatsoever with the said larceny of said automobile on said date of November 22, 1944. Later, on Saturday, November 25, 1944, while said automobile was still in the custody of and under the control of the said Louis Hall, the defendant, Dunlavey, pushed the stolen automobile with his, Dunlavey's automobile, in order to start the motor of the stolen automobile. This was done pursuant to a previous agreement between the defendant, Dunlavey, and

Louis Hall made this date, three days subsequent to the larceny of the said automobile by Hall and White, that he, Dunlavey, would buy certain parts from said stolen automobile. Louis Hall testified that the defendant, Dunlavey, knew at the time he agreed to purchase the said parts that said automobile had been stolen by Hall and White. Dunlavey denied this statement by Hall. The evidence further showed that the stolen automobile was parked on Linden street, Richmond, Virginia, when Dunlavey pushed it with his automobile to get it started and that Hall, White and a fourth unidentified person drove the stolen automobile to a secluded section of Bryan Park, a distance of approximately three miles from Linden street, but still within the corporate limits of the city of Richmond; and that the defendant, Dunlavey, followed them in his own automobile to Bryan Park where the said four persons and two automobiles were later discovered by Poindexter, a park policeman. When thus apprehended, Hall, White and the unidentified person ran, but Dunlavey, the defendant, remained on the scene and was taken into custody by the park policeman. Later, when questioned, Dunlavey identified Louis Hall and Raymond White. When the defendant, Dunlavey, was apprehended, certain parts, which had been removed from the stolen automobile, were found in Dunlavey's automobile. Dunlavey testified that he had purchased said parts from Hall for the sum of $15.00. There was no evidence introduced at the trial as to the value of said parts. The owner of the stolen automobile did not testify at the trial, but it was stipulated by counsel for the defendant and the Commonwealth's attorney that the said automobile had been stolen in the city of Richmond, Virginia, and that the value of said stolen automobile was in excess of $50.00."

There is only one assignment of error. Its basis is the refusal of the court to set aside its judgment of conviction upon the ground that it is contrary to the law and the evidence. The accused contends that under the evidence he could not be convicted of grand larceny but that he could

be convicted only of receiving stolen goods of the value of $15, knowing them to have been stolen,—a misdemeanor. Therefore, we must determine whether the crime was grand larceny,—a felony, or receiving stolen goods of less value than $50.00,—a misdemeanor. The indictment does not charge the accused with receiving stolen goods or with being an accessory. It charges him with the principal offense, grand larceny.

Larceny as defined by our court in *Vaughan* v. *Lytton*, 126 Va. 671, 101 S. E. 865, is the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently. The *animus furandi* must accompany the taking, but the wrongful taking of property in itself imports the *animus furandi*.

The position of the accused is that the automobile had been stolen and carried away from the possession of the rightful owner by others (Hall and White), three days before he knew anything about it. Thus he claims to have come into the picture three days after the larceny when he agreed to assist in moving the automobile and to purchase the parts to be taken from it. He therefore contends that his offense is that of receiving stolen goods of less value than $50.00.

The position of the Commonwealth is that aside and apart from the subsequent purchase and receipt of the parts of the stolen car, and wholly independent of those acts, the accused was guilty of an offense when, with the knowledge that the car had been stolen, he pushed it in an effort to help Hall get it off of a public street and to place it in a secluded spot where it might be safely dismantled. The Commonwealth makes the further contention that where property is stolen, so long as the original thief has possession of it, his trespass against the possession of the true owner is deemed a continuous trespass, and when a later party intervenes to assist in making the asportation more effective, he is deemed to join in with and become a party to the continuous trespass, and therefore he himself becomes a trespasser upon the owner's legal possession.

■ The crime here consisted of moving the automobile by the accused in order to get it started and not in receiving the parts taken from it of the value of $15. When he moved the automobile the accused knew it had been stolen. He moved it in pursuance of a previous agreement between him and Hall, the thief, to the effect that the accused would purchase certain parts which were to be stripped from the automobile. The movement was accomplished by the accused pushing the automobile with his own automobile in order to get the stolen automobile started. It was then driven from Linden street to a secluded section of Bryan Park by Hall and others. The accused followed in his own automobile to Bryan Park where the stolen automobile had been brought to a stop. There he was apprehended by a park policeman, and the parts taken from the stolen automobile were found in his own automobile. This conduct on the part of the accused amounted to larceny of the automobile.

The part taken by the accused was one incident of a continuous transaction. He was in the possession of the automobile when he started it by pushing it, even though his possession might have been a joint one. His conduct amounted to a trespass upon the constructive possession of the true owner with *animus furandi*.

■■ Larceny has been held to be a continuous offense. This seems to be the weight of authority in other jurisdictions. In *Devine* v. *State*, 132 Miss. 492, 96 So. 696, the contention was made that the larceny was complete when the thief removed the car from the place where it was parked and that if he thereafter rendered him any assistance in making away with the car he did not thereby become guilty of larceny but only an accessory after the fact. The court held that the contention was without merit for the reason that larceny is a continuous offense and is being committed every moment of the time during which the thief deprives the owner of the stolen property or its possession. The court approved the rule that the legal possession of goods stolen continues in the true owner, and every moment's

continuation of the trespass and felony amounts in legal contemplation to a new caption and asportation. The court concluded that if the accused aided and assisted the thief in making away with the car, after knowing that it had been stolen, he was guilty of larceny.

The same principle was applied in the case of *Brown* v. *State*, 7 Okla. Crim. 678, 126 P. 263-265. In *Good* v. *State*, 21 Okla. Crim. 328, 207 P. 565, 29 A. L. R. 1029, automobile tires had been stolen. The defendant's participation in the crime consisted of driving another in his taxicab to a spot where the tires were loaded from a patch of weeds into his car and transported therein to town. The court held that the defendant knew that the tires had been stolen when they were loaded into his taxicab, and that by transporting them to town he assisted in the asportation of them, saying: "One who joins with a thief and assists in the asportation and disposal of stolen property, knowing at the time he does so that the other acting with him is in the act of carrying away the property of another, is equally guilty of the larceny."

At the end of the opinion in the case of *Good* v. *State, supra*, 29 A. L. R., at page 1031, is an annotation in which it is stated that the general rule is that one assisting in the transportation or disposal of property known to have been stolen renders him guilty of larceny.

This annotation discloses some conflict of authority. For instance, the rule in Texas, as set out at page 1035, is contrary to the general rule. See also, *State* v. *Behrens*, 153 Wash. 280, 279 P. 607.

In 32 Am. Jur., Larceny, section 49, page 948, the general rule is stated thus: " * * * In most jurisdictions one who assists in transporting or disposing of the stolen property, knowing it to have been stolen, may be held guilty of the larceny as a principal, even though he was not present at the taking and neither instigated the crime nor took part as a conspirator. * * * "

In *Strouther* v. *Commonwealth*, 92 Va. 789, at page 791, 22 S. E. 852, 53 Ann. St. Rep. 852, it is held:

" * * * It has been a settled principle of the common law, from an early day, in England, that where property is stolen in one county, and the thief has been found, with the stolen property in his possession, in another county, he may be tried in either. This practice prevailed notwithstanding the general rule that every prosecution for a criminal cause must be in the county where the crime was committed. The exception to the general rule grew out of a fiction of the law, that, where property has been feloniously taken, every act of removal or change of possession by the thief constituted a new taking and asportation; and, as the right of possession, as well as the right of property, continues in the owner, every such act is a new violation of the owner's right of property and possession. There is no principle, in respect to larceny, better settled than this, and it has received repeated sanction in this State. *Cousins's Case,* 2 Leigh (29 Va.) 709."

The judgment is affirmed.

*Affirmed.*