COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Richmond, Virginia


MARIO CHEROME BRIGGS

                                    MEMORANDUM OPINION[*] BY
v.     Record No. 2917-99-2     JUDGE JEAN HARRISON CLEMENTS
                                       JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                    John F. Daffron, Jr., Judge

            William B. Bray (Perry & Bray, on brief), for
            appellant.

            Amy L. Marshall, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Appellant, Mario Cherome Briggs, was convicted in a bench

trial of grand larceny in violation of Code § 18.2-95.  On appeal

he contends the evidence was not sufficient to sustain the

conviction.  We disagree and affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts necessary to a

disposition of this appeal.

     Briggs claims that the Commonwealth failed to prove beyond

a reasonable doubt that he was guilty of grand larceny.  His

───────────────

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

argument in support of that claim is threefold. First, he argues that the evidence presented at trial was insufficient to show that the value of the clothing stolen from Hecht's Department Store was $200 or more. Second, he contends that the evidence was insufficient to establish that he possessed the requisite intent and knowledge to commit the larceny of all five items of merchandise, which would have been necessary to bring the value of the merchandise stolen to $200 or more. Third, he asserts that the evidence was insufficient to prove that the taking of the subject merchandise occurred without the consent or authority of the store, a necessary element of the offense of larceny.

When the sufficiency of the evidence is challenged on appeal, we must consider the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). In addition, the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the factfinder's determination." Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993). Furthermore, a conviction will not be reversed unless "it appears from the evidence that it is plainly wrong or without evidence to support it." Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

-

A.  VALUE OF THE STOLEN MERCHANDISE

Appellant maintains that, because the stolen clothes could have been on sale and thus not worth $200, the Commonwealth failed to prove the offense of grand larceny.

Grand larceny consists of the theft not from the person of another of goods and chattels valued at $200 or more.  See Code § 18.2-95(ii).  "The value of the goods specified in the statute is an essential element of the crime, and the Commonwealth must prove that element beyond a reasonable doubt."  Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994).  "The value of the stolen property is measured as of the time of the theft . . . ."  Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997).

Here, the Commonwealth presented evidence of the value of the goods through the testimony of Albert Bell, the security manager at the Hecht's store where the theft occurred.  Bell, who had the stolen merchandise with him in court, testified to the value of the five items stolen based on the store's price tags affixed to those items.  They ranged in price from $31.99 to $49.99 and totaled $212.95 in value.  A photograph of the stolen goods was admitted into evidence in substitution for the items themselves so that they could be returned to the store.

On cross-examination, Bell admitted that, if any of the items were on sale at the time of the theft, their values would have been less than the prices marked on the tags.  The sale

-

prices would have rung up on the register and would not have been reflected on the tags themselves. Bell, however, was not asked by the defense, and thus did not indicate, whether or not the stolen items were on sale when the theft occurred. Moreover, Briggs presented no other evidence to show that the stolen items were on sale as of the time of the theft.

In Robinson v. Commonwealth, 258 Va. 3, 516 S.E.2d 475 (1999), the Supreme Court recognized an exception to the hearsay rule allowing the admission in shoplifting cases of price tags affixed to items of merchandise as evidence to prove the value of that merchandise. "[S]uch evidence, when admitted," the Court stated, "would suffice to make out a prima facie case of an item's value [and] the accused would retain full opportunity to cross-examine adverse witnesses and to present rebutting evidence on the issue of value." Id. at 10, 516 S.E.2d at 479.

Applying this principle, we find that the Commonwealth's evidence based on the price tags affixed to the stolen items in this case was sufficient to make out a prima facie case of the value of the stolen merchandise. As Briggs presented no evidence to rebut the Commonwealth's prima facie case of the stolen merchandise's value, we find that the evidence presented was sufficient to prove that the value of the items was $200 or more.

-

## B. APPELLANT'S INVOLVEMENT IN THE LARCENY

Appellant also maintains that the evidence presented by the Commonwealth was insufficient to prove that he actually stole the merchandise in question. According to him, he was nothing more than an innocent bystander while Alonzo Battle alone concealed the five articles of clothing and removed them from the store without paying for them. The evidence, he suggests, proved only that he happened to be in the same section of the store at the same time as Battle, a man he did not know, and that he coincidentally handled two of the items eventually taken by Battle.

He further argues that, even if the evidence was somehow sufficient to show that he participated in the theft of the two items he handled, it certainly did not establish that he had the requisite knowledge and intent to steal all five items. The evidence, he asserts, connects him at most to only two of the stolen items and does not prove that he knew Battle was going to steal any of the items rather than pay for them.

As appellant correctly notes, his conviction depended on the Commonwealth being able to prove beyond a reasonable doubt that he was guilty of the theft of all five articles of clothing. Anything less than that would have brought the value of the stolen property under $200 and would not have constituted grand larceny.

The Commonwealth asserts that its evidence clearly established that Briggs was acting in concert with Battle and that he aided and abetted Battle in the larceny of all of the stolen clothing. As a principal in the second degree, he had, the Commonwealth argues, the requisite knowledge and intent to commit the crime.

"The intent required to commit larceny, the animus furandi, is defined as the taking of property with the mental design of permanently depriving the owner of possession of the goods. 'The animus furandi must accompany the taking, but the wrongful taking of property in itself imports the animus furandi.'" Saunders v. Commonwealth, 18 Va. App. 825, 828, 447 S.E.2d 526, 528 (1994) (citations omitted) (quoting Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)).

Here, it is undisputed that Battle removed clothing belonging to Hecht's Department Store from the store without paying for it. Because it was Battle, rather than Briggs, who physically completed the asportation of the clothing, the Commonwealth had to prove that Briggs was a principal in the second degree in order to obtain a conviction against him for grand larceny. See Allard v. Commonwealth, 24 Va. App. 57, 62, 480 S.E.2d 139, 141 (1997) (noting that a principal in the second degree may be convicted and punished as if a principal in the first degree). To prove that Briggs was a principal in the second degree, the Commonwealth had to demonstrate that Briggs

-

was present during the offense and aided and abetted Battle in the crime.  See Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991).

In determining whether the Commonwealth's evidence was sufficient to establish that Briggs aided and abetted Battle, we are mindful that the mere presence and consent of the accused are not enough to constitute "aiding and abetting."  Id.  It must be shown that the alleged accomplice committed some overt act of assistance or encouragement or that he shared the criminal intent of the actual perpetrator.  Id.  However,

> [n]otwithstanding these rules as to the nonliability of a passive spectator, it is certain that proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the [trier of fact] to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same.

Foster v. Commonwealth, 179 Va. 96, 99-100, 18 S.E.2d 314, 316 (1942) (quotations omitted).

Viewing the record with these principles in mind, we find the evidence sufficient to prove that Briggs was indeed a principal in the second degree in the commission of the subject larceny.  Bell, the store's security manager, observed via closed-circuit television Battle and the accused interacting in the young men's department of the store.  He saw Briggs take a red shirt off a rack and hand it to Battle.  Battle then removed

-

the shirt from its hanger and put it into a plastic shopping bag from Sears.  Bell further observed Briggs selecting or handling other items which Battle then placed in the Sears bag.  Soon thereafter, Bell observed Battle and Briggs leave the store without paying for the merchandise.  Battle, who exited the store first, was carrying the Sears bag containing the five stolen pieces of clothes when he was stopped by Bell.  Briggs exited the store soon afterwards and was also detained by Bell.

The Commonwealth also introduced into evidence a video recording from the store's closed-circuit monitoring system that vividly reveals much of what Bell observed.  That video, despite its periodic loss of image due to tape damage, leaves no doubt that Briggs and Battle were acting in concert.  It shows them walking together in the store, frequently stopping together to view and discuss particular pieces of apparel, repeatedly examining and handling the anti-theft devices on the clothes, and then selecting, gathering, and concealing the various items they intended to steal.

Contrary to Briggs's assertion that he did not even know Battle, when Briggs is first seen on the videotape, he is the one carrying the Sears bag.  The video also later shows him handing Battle a red shirt, which Battle proceeds to roll up and put in the Sears bag, all while Briggs looks on.  The tape further shows Battle placing a sweatshirt that Briggs had just handled into the bag while Briggs stands nearby watching.  The

-

two men are then seen exiting the store together, albeit Briggs walking several conspicuous paces behind Battle.

Throughout the video, Briggs and Battle are clearly working together. Briggs was not, as he claims, merely a passive shopper who had nothing to do with this crime. He aided and abetted Battle in the crime and plainly intended to steal the clothing from Hecht's.

As for Briggs's argument that, even assuming he helped steal the red shirt and sweatshirt, the evidence is insufficient to prove that he stole merchandise totaling $200 or more, we find that such a contention is without merit. Between Bell's testimony and the videotape, there is ample evidence to support the reasonable inference by the trial court that all of the merchandise recovered by Bell from the Sears bag was stolen by both Battle and Briggs. Furthermore, because he was a principal in the second degree acting in concert with Battle, Briggs is vicariously responsible for Battle's acts occurring during the commission of the crime. See Fitzgerald v. Commonwealth, 227 Va. 171, 174-75, 313 S.E.2d 394, 396 (1984); Spradlin v. Commonwealth, 195 Va. 523, 527-28, 79 S.E.2d 443, 445 (1954). Thus, it is immaterial whether or not there is direct evidence specifically connecting Briggs to all five of the stolen items. He is culpable for them nonetheless.

## C.  LACK OF CONSENT OR AUTHORITY

Appellant further contends that the record does not show that Battle and Briggs lacked the store's authority and consent to remove the clothing in question from the store's premises. Therefore, the evidence presented by the Commonwealth is insufficient to prove he committed larceny, Briggs argues.

Larceny is the "wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently."  Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945).

Here, the evidence established that, while in Hecht's Department Store, Battle, aided and abetted by Briggs, took items of clothing that were on display and for sale in the young men's department and placed them into a plastic shopping bag from Sears.  In at least two instances, he attempted to remove anti-theft devices from the store's merchandise.  Battle then left the store carrying the bag filled with Hecht's clothes without paying for the merchandise.  He was stopped outside the store by Hecht's security manager who testified at trial that Battle had "[f]ive items belonging to Hecht's Department Store" in the Sears bag.  All of the items had Hecht's price tags on them, and none of them had been paid for by Battle or Briggs. Briggs offered no evidence at trial to show that he and Battle

-

had permission to remove the merchandise from Hecht's without paying for it.

We find that the trial court was entitled to infer from this evidence that Battle and Briggs removed the clothing from the store's premises without the assent of the store.

Hence, we conclude that the evidence presented in this case sufficiently supports appellant's grand larceny conviction and that the conviction is not plainly wrong. Accordingly, we affirm the conviction.

Affirmed.