COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Clements and Felton
Argued at Chesapeake, Virginia


DEMETRIUS COVIL

MEMORANDUM OPINION[*] BY

v.        Record No. 2860-02-1          JUDGE WALTER S. FELTON, JR.
                                        DECEMBER 9, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Felipita Athanas (Public Defender Commission, on briefs), for
appellant.

Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Demetrius Covil was convicted in a bench trial of grand larceny of a motor vehicle, a

violation of Code § 18.2-95.  On appeal, Covil contends that the evidence was insufficient to

support his conviction.  In particular, Covil contends that because the evidence established that

he was not the original thief and that he did not know the car was stolen at the time of his

possession, his conviction must be reversed.  For the following reasons, we affirm the judgment

of the trial court.

I.  BACKGROUND

On April 8, 2002, Tanya Bray rented a red Oldsmobile Alero from Enterprise Rent-A-Car

in Virginia Beach.  On April 14, 2002, at approximately 7:30 a.m., as Bray was getting off work

in Portsmouth, a man approached her and took her car at gunpoint.  She was unable to provide a

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

detailed description of the man, and later at trial, she testified that Covil "doesn't look like the man who stole her car."

On April 16, 2002, at approximately 6:10 p.m., Detective T. McAndrew was on routine patrol in Portsmouth when he observed Covil alone driving a red Oldsmobile Alero. Aware that Covil's driver's license had been suspended, Detective McAndrew decided to follow Covil. Shortly thereafter, Covil voluntarily pulled the Alero over to the curb. Detective McAndrew received information that the vehicle's tags were those from a vehicle that was reported stolen. The red Alero in Covil's possession was in fact the Alero stolen from Bray on April 14, 2002.[1]

On September 9, 2002, Covil was convicted in a bench trial of grand larceny of a motor vehicle. Testifying on his own behalf, Covil, a convicted felon, explained that he had rented the car from an unknown man for fifty dollars. He testified that a friend of his mother's directed him to the man who rented the car to him. Covil testified that he didn't know the man, nor had he seen the man before. He testified that he did not get the man's name. Covil testified that the detective who stopped him found an I.D. badge in the trunk of the car. He testified that he told the detective that the picture on the I.D. was of the person who "lent" him the car. He further testified that he had rented the car from the man to visit King's Dominion amusement park with friends.

The trial court found Covil's testimony concerning his possession of the stolen car incredible, stating, "I just don't believe his story. I think it's got too many holes in it." The trial court found him guilty of grand larceny and sentenced him to one year and seven months incarceration.

---

[1] At the time Detective McAndrew recovered the Alero, the car was in good condition, and had not been damaged in any way that might indicate it had been stolen. As Bray handed the Alero over to the carjacker with the keys in the ignition, there is no reason to expect the car to bear any such telltale damage.

## II.  ANALYSIS

Covil contends that the evidence was insufficient to prove grand larceny.  Specifically, he argues that Bray could not identify him as the thief who stole her car at gunpoint, and his explanation as to how he came into possession of the car demonstrates that he did not know the car was stolen.  Covil contends that his own testimony, as well as that of Bray, demonstrates that he was not guilty of larceny.  We disagree.

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods."  Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987) (citing Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)).  Under Code § 18.2-95, grand larceny includes "larceny not from the person of another of goods and chattels of the value of $200 or more."  It is well settled that a defendant's unexplained exclusive possession of recently stolen property permits an inference of larceny by the possessor.  Winston v. Commonwealth, 26 Va. App. 746, 757, 497 S.E.2d 141, 147 (1998) (citing Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981)).  "[P]ossession of goods recently stolen is *prima facie* evidence of guilt of the crime of larceny, and throws upon the accused the burden of accounting for that possession."  Hope v. Commonwealth, 10 Va. App. 381, 385, 392 S.E.2d 830, 833 (1990) (*en*

*banc*) (quoting Fout v. Commonwealth, 199 Va. 184, 190, 98 S.E.2d 817, 821 (1957)). Thus, the evidence of a defendant's recent possession of the stolen property, coupled with an unreasonable explanation of his obtaining of the property, supports a finding of guilt. Bright, 4 Va. App. at 251, 356 S.E.2d at 444.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the [trial court] who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the [trial court] is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Snow v. Commonwealth, 33 Va. App. 766, 774, 537 S.E.2d 6, 10 (2000) (citing Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citations omitted)).

The evidence established Covil's "recent exclusive possession" of the stolen car. The police stopped Covil as he was driving the stolen car two days after the theft. The trial court specifically found Covil's explanation of his possession of the stolen car to be incredible. "[T]he [court] was 'not obliged to accept' what it obviously found was an unreasonable explanation." Roberts v. Commonwealth, 230 Va. 264, 272, 337 S.E.2d 255, 260 (1985) (quoting Westcott v. Commonwealth, 216 Va. 123, 127, 216 S.E.2d 60, 64 (1975)). Moreover, because the trial court disbelieved Covil, it was entitled to conclude from his testimony that he lied to conceal his guilt. See Snow, 33 Va. App. at 774, 537 S.E.2d at 10.

It does not matter whether Covil was the original thief who took Bray's car at gunpoint. Larceny is a continuing offense. Dunlavey, 184 Va. at 525, 35 S.E.2d at 765. Covil's "recent exclusive possession of a stolen item provides circumstantial evidence of [his] guilty knowledge that [the car] was stolen." Montague v. Commonwealth, 40 Va. App. 430, 437, 579 S.E.2d 667, 670 (2003) (citing Reaves v. Commonwealth, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951)).

- 4 -

Absent a reasonable explanation, the trial court was free to infer from Covil's possession of the stolen car that he was guilty of larceny.  The evidence was sufficient to support his conviction.  For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.