COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


MAARIG HOWARD

MEMORANDUM OPINION* BY
v.        Record No. 2166-03-2        CHIEF JUDGE JOHANNA L. FITZPATRICK
SEPTEMBER 28, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

Todd M. Ritter (Daniels & Morgan, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


On April 29, 2002, Maarig Howard (appellant) was convicted in a bench trial of grand

larceny pursuant to Code § 18.2-95, and sentenced to a ten-year suspended sentence.  On appeal,

he contends that:  1) the evidence was insufficient to convict him, and 2) the trial court erred in

excluding evidence that a defense witness filed a complaint against the lead investigator in the

case.  Finding no error, we affirm.[1]

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

On September 28, 2001, a Sanyo mounted projector was reported stolen from a classroom at

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial judge was William R. Shelton who retired during the pendency of this case.
Judge Rockwell imposed the sentence.

Virginia State University.  A surveillance camera recorded the theft.  Dr. Mohammad Hadimoadab (Hadimoadab), a professor at Virginia State University (the University) who reviewed the recording, testified that the tape showed a black male entering the classroom. Hadimoadab testified that after the man's entrance, it appeared that an object was placed over the camera to obscure its view.  The recording also showed that when the object was removed from the camera, the projector was missing.

After the theft, appellant placed a telephone order for a remote control for the same Sanyo projector stolen from the University with the sole vendor in the Virginia state area that sells the Sanyo projector.  During the call, the vendor asked appellant for the projector's serial number.  Appellant said that he had already mounted it on the wall and was unable to read the serial number.  When the vendor asked appellant where he had purchased the projector, appellant claimed that he had purchased it from an individual rather than from a store.  Finally, appellant gave the vendor his credit card number to complete the order for the remote control.  Finding appellant's request unusual, the vendor reported it to Hadimoadab.  When appellant was leaving the courthouse after the first court hearing, he asked the vendor to refund his order for the remote control.

Officer Randy Sykes (Sykes) learned through further investigation that appellant was a student at the University and that he lived at 21502 Jackson Street in Ettrick.  When Sykes went to this address to investigate the theft, Patricia Brown (Brown) came to the door, and left immediately to get appellant.  Upon meeting appellant, Sykes asked whether he knew anything about the stolen projector.  Appellant responded that he did.  He said that the projector was in his house.  Sykes asked if he could retrieve the projector, and appellant said no.  Appellant also said "This sounds big," and stated that he probably needed a lawyer.  Sykes called Chesterfield police to the scene.

A few minutes after Sykes approached the house, Oluwafemi Ljiti (Ljiti) came out with a black backpack on his back. Sykes told him that based on their ongoing investigation, he couldn't remove the item from the house. Ljiti went back inside, and appeared to leave through another door with nothing in his hands. Appellant came outside to tell Sykes that he could now search the home and admitted that Ljiti left with the projector. Hadimoadab also arrived at the scene to ask appellant to return the projector. Appellant responded that it would cost Hadimoadab to get the projector back and that he would let Hadimoadab know how much.

When Sykes returned to the same address a few days later, Brown again came to the door and Sykes asked her to show him where the projector was mounted. She showed Sykes two holes in the wall near the doorway where the projector had been mounted. The projector was never recovered.

At appellant's preliminary hearing, Hadimoadab identified the individual on the tape as Ljiti. However, appellant approached Hadimoadab after the hearing and told him that Ljiti had not stolen the projector. Hadimoadab then asked Sykes to visually enhance the tape. After reviewing the enhanced version, Hadimoadab testified that he now believed the person on the tape to be appellant. He testified that he had changed his mind after observing appellant's height and walk in comparison with Ljiti's.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant first contends that the Commonwealth's evidence was insufficient to convict him. Specifically, he argues that appellant's contention that he purchased the projector, and Brown's testimony that appellant did not admit that the projector was in his house, were hypotheses of innocence that the Commonwealth failed to exclude. We hold that the Commonwealth proved the elements of larceny beyond a reasonable doubt, and affirm.

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). We must affirm the conviction "unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). This Court must determine "not whether 'there is some evidence to support'" appellant's hypothesis of innocence, but, rather, "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [appellant's] theories and found him guilty beyond a reasonable doubt." Id. "Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998).

Code § 18.2-95 provides: "Any person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand

- 4 -

larceny." "[L]arceny is the taking and carrying away of the goods and chattels of another with the intent to deprive the owner of the possession thereof permanently." Lund v. Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977). Larceny is a continuing offense. See Dunleavy v. Commonwealth, 184 Va. 521, 525-26, 35 S.E.2d 763, 765-66 (1945).

Credible evidence supports the larceny conviction. Appellant admitted that he knew of the stolen projector and that it was in his home when both Sykes and Hadimoadab asked him. He ordered a remote control for the projector, and paid for it using his address and credit card, then later asked the vendor to reimburse him for the order. He also told Hadimoadab that Ljiti had removed the projector from the home, but that he would return the projector if he was paid for it. Sykes observed where the missing projector had been mounted in the home. Finally, Hamidoadab identified the person on the enhanced videotape as appellant. This evidence was sufficient to prove that appellant committed the larceny.

Appellant's contention that Brown's testimony that appellant did not admit that he knew the projector was stolen and was in the home provided the defense with a reasonable hypothesis of innocence is without merit. The trial judge was not required to believe Brown's testimony, and it was reasonable for him to reject it. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Based the evidence presented at trial, we cannot say that the trial court was plainly wrong. We therefore affirm the larceny conviction.

### III. ADMISSIBILITY OF THE HARASSMENT COMPLAINT

Appellant next contends that the trial court erred in excluding evidence that Brown filed a complaint against Sykes for harassment during the investigation of this event. He contends that

this testimony would be probative of Sykes' bias.  We hold that the trial court did not abuse its discretion in disallowing the complaint.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

When appellant sought to admit evidence of the complaint, the trial court found it to be irrelevant:  "I don't think whether [Brown] filed a complaint is relevant as to whether this man is guilty of stealing that particular projector."  We agree that this evidence is collateral and is not relevant to any issue at trial.  See generally Goins v. Commonwealth, 251 Va. 442, 470 S.E.2d 114 (1996); Maynard v. Commonwealth, 11 Va. App. 437, 399 S.E.2d 635 (1990).

Accordingly, we affirm the judgment of the trial court.

Affirmed.