# CIRCUIT COURT OF THE CITY OF SALEM

Commonwealth of Virginia

    v.

James Bonamo, Jr.

March 9, 2010

Case No. CR09-493

BY JUDGE ROBERT P. DOHERTY, JR.

A Roanoke County police officer observed a driving infraction in Roanoke County, activated his emergency equipment, and gave chase. Defendant accelerated and attempted to get away from his pursuer. The chase went from Roanoke County into the City of Salem and through a portion of Roanoke City. The police officer lost sight of the Defendant for a time in Roanoke City, but through observations, partial license plate numbers, and reports of sightings called in by other county employees, Defendant was identified. Defendant's vehicle was located in his garage. He was arrested, charged, and acquitted of the felony of eluding a police officer in Roanoke County. Defendant is now charged with eluding a police officer in the City of Salem because part of the chase went through the City of Salem. Defendant argues that his driving was one continuous act and that pursuant to § 19.2-294, Code of Virginia (1950), as amended, the Salem case against him should be dismissed on the grounds of former jeopardy. The Commonwealth contends that being chased by the police through separate jurisdictions constitutes a separate crime in each jurisdiction and, therefore, the Salem charge is proper.

In *Fitzgerald v. Commonwealth*, 11 Va. App. 625, 629 (1991), the Court held that a continuous, uninterrupted course of operation of a motor vehicle was a single act as contemplated by § 19.2-294. The fact that the

chase crossed the boundary line between two localities deals with venue only and does not create separate acts of driving. *See Padgett v. Commonwealth,* 220 Va. 758, 761 (1980). However, Defendant was charged with exactly the same offense in both jurisdictions, not with a violation of two or more statutes, and therefore the provisions of § 19.2-294 do not apply to the facts of this case.

More to the point, a parallel can be drawn between the facts of this case and those of *Dunlavey v. Commonwealth,* 184 Va. 521 (1945). In *Dunlavey,* the Court noted that larceny is a continuing offense. A theft is deemed to be committed in each jurisdiction that the thief has transported the stolen property. If the larceny continues into another jurisdiction, the criminal can be tried in either location for the one larceny offense. In the facts before the Court, the high-speed chase where the Defendant eluded a police officer in three jurisdictions is one act and one crime. He can be prosecuted in any one, but only one, of the three jurisdictions. The double jeopardy provisions of the United States Constitution and of the Constitution of Virginia each forbid trying a criminal defendant twice for the same offense.

Accordingly, the Defendant having been earlier acquitted of the same offense in Roanoke County, his motion to dismiss the felony eluding a police officer charge against him in the City of Salem is granted.