STATE of Tennessee, Appellee,

v.

Hallie CORDELL, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 25, 1982.

Permission to Appeal Denied by Supreme Court Feb. 22, 1983.

Susan L. Kay, Nashville, Larry M. Warner, Crossville, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Wayne E. Uhl, Asst. Atty. Gen., Nashville, Marsha Selecman, Asst. Dist. Atty. Gen., Crossville, John C. Knowles, Asst. Dist. Atty. Gen., Sparta, for appellee.

## OPINION

DWYER, Judge.

The appellant was convicted of committing the offenses of burglary third degree with confinement for not less than five years nor more than ten years, burglary second degree with confinement for not less than six years nor more than fifteen years, and burglary first degree with confinement for not less than ten years nor more than fifteen years. The appellant is before the court on a delayed appeal, T.C.A. § 40–3820, granted by the trial court as a result of a hearing on appellant's petition for post-conviction relief.

The appellant was convicted by a jury on November 19, 1979, and her motion for new trial was overruled on May 7, 1980. No notice of appeal having been filed, see T.R. A.P. 4(a), (c), this court by order on August 12, 1980, granted the State's motion to dismiss the appeal for want of jurisdiction. The delayed appeal was granted on January 6, 1982.

The issues: (a) the evidence is insufficient, (b) the trial court issuing the search warrant should have recused itself from ruling on the validity of that warrant, (c) the accomplice's testimony for the State was not corroborated, and (d) the granting of a "delayed appeal" is insufficient to trigger the Tennessee Rules of Appellate Procedure.

On December 12, 1977, a Mr. Bilbrey's home in Cumberland County was burglarized. Among the items taken were a color T.V. and a stereo worth at least $900. On the same date a storehouse of Harold Goss in Cumberland County was burglarized and many items taken from there. On the same date a Mr. Earl Goss's home in Cumberland County was burglarized with $600 worth of domestic articles, towels, bedspreads, couch cover, etc., taken. On or about January 26, 1978, the I–40 Spur Gas Station operated by a Jim Young in Cumberland County was burglarized. Tools, souvenirs, T-shirts, and pennants were taken.

These four burglaries were the basis of four, four-count indictments against the appellant.

On March 21, 1978, the District Attorney General for the Fifth Judicial Circuit prepared a search warrant based on information given to him by a Charles Whittenburg. The search warrant directed the Cumberland County officers to search the house trailer of the appellant.

An officer testifying for the State related there were so many items in the trailer that only paths in which one had to walk were left. Elsewhere in the evidence the interior was described as being like a closet with little room in which to move around.

Summed up, three of the owners of the burglarized premises were able to identify as their property items seized by the police from the appellant's house trailer.

Charles Whittenburg, testifying for the State, admitted to all of the burglaries and implicated the appellant and her daughter as being with him during the break-ins. He

testified that while he was "going with" the appellant's daughter all three of them were living in the trailer, and that the loot was taken by them to that trailer. He admitted to having been convicted of many burglaries and having committed many other burglaries. The evidence fairly supports the appellant's description of Whittenburg as being a one-man burglary epedemic.

The appellant denied knowledge of the burglaries and denied being with Whittenburg when they were committed. She maintained that she was rendering lard from a hog at her brother-in-law's home on December 12, 1977. She was bolstered in her alibi defense by her brother-in-law and brother. She did not, however, satisfactorily explain how she could expect the jury to believe her story that the T.V. taken from Mr. Bilbrey's home in December of 1980 had been brought into her trailer by Whittenburg during November of that same year.

As all of that may be, with the appellant's home crammed with merchandise, some of which was identified as stolen, we can readily understand why a rational trier of fact would find her guilty beyond a reasonable doubt and to a moral certainty. T.R.A.P. 13(e). More than that is not required, less than that cannot be found from our review of this evidence. We are not impressed with appellant's argument that since the jury acquitted her on the second of the four indictments, there must be doubt as to the three other convictions which were also based largely on the testimony of Charles Whittenburg. In the first instance, the wisdom of the jury as to its verdicts on many occasions may give leave to speculation. The inconsistencies of verdicts do not *ipso facto* mean that they are contrary to law. *State v. Gautney,* 607 S.W.2d 907, 909 (Tenn.Cr.App.1980). In the second instance, when Mr. Harold Goss could not identify the stolen merchandise as his, it afforded even from this distance a concrete reason for the jury's acquittal of the appellant on this count. The evidence issue is overruled.

The second issue: The appellant urges that the trial court issued the search warrant in the case *sub judice* and therefore should have recused itself when the validity of that warrant was attacked. There are shortcomings in this issue: (1) no motion was presented to the trial court to recuse and (2) the issue was not alleged in the motion for new trial. See T.R.A.P. 36(a); *State v. Pritchett,* 621 S.W.2d 127, 135 (Tenn.1981); T.R.A.P. 3(e); *State v. Givhan,* 616 S.W.2d 612 (Tenn.Cr.App.1980). This issue is waived.

The third issue: With the stolen merchandise having been found in appellant's trailer, there is overwhelming corroboration of accomplice Whittenburg's testimony. This issue is overruled.

Lastly, appellant urges that the trial court's granting a "delayed appeal" failed to trigger the 30-day period for filing a notice of appeal, T.R.A.P. 4, since the "judgment appealed from" contemplated by the rule is the judgment on the verdict. We reject appellant's urging and hold that the date on which the delayed appeal order was granted is the final judgment, T.C.A. § 40–3820, which triggers the rules applicable for review. This issue overruled, the judgment is affirmed.

CORNELIUS and SCOTT, JJ., concur.