IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 9, 2003 Session

## STATE OF TENNESSEE v. DEWAYNE M. McDANIEL a/k/a ANTHONY McDANIEL

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-01582     Joseph B. Dailey, Judge**

_____

**No. W2002-02048-CCA-MR3-CD  - Filed December 5, 2003**
_____

The appellant, Dewayne A. McDaniel, a/k/a Anthony McDaniel, was convicted by a jury of theft of property. Specifically, the jury convicted the appellant of the second charge contained in the indictment, exercising control over property with a value of $10,000 but less than $60,000 without the consent of the owner, a Class C felony. The trial court sentenced the appellant to fifteen years as a Range III, persistent offender.

The appellant's motion for new trial was denied by the trial court in an order entered May 10, 2001. The trial court entered an order granting a delayed appeal on June 28, 2002. The trial court's order granting the delayed appeal indicates that the request for the delayed appeal was made by the appellant's attorney, even though no motion for a delayed appeal appears in the technical record before this Court. The notice of appeal was not filed until September 13, 2002. Because of the untimeliness of the filing of the notice of appeal the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Lee A. Filderman, Memphis, Tennessee, for the appellant, DeWayne M. McDaniel.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

After a review of the record, we conclude that this appeal must be dismissed. Although not raised by either party, we note that the notice of appeal was not timely filed. The granting of a delayed appeal triggers the thirty-day time limitation for filing a notice of appeal contained in

Tennessee Rule of Appellate Procedure 4. <u>State v. Cordell</u>, 645 S.W.2d 763, 765 (Tenn. Crim. App. 1982); <u>see</u> <u>also</u> <u>Darrel D. Hayes v. State</u>, No. 01C01-9604-CR-00163, 1997 WL 537079, at *3 (Tenn. Crim. App. at Nashville, Sept. 2, 1997); <u>State v. Michael Parks</u>, No. 01C01-9506-CC-00177, 1996 WL 374106, at *4 (Tenn. Crim. App. at Nashville, Jul. 5, 1996); <u>Michael S. Hurt v. State</u>, No. 01C01-9207-CC-00213, 1993 WL 39751, at *3 (Tenn. Crim. App. at Nashville, Feb. 18, 1993).

The notice of appeal in criminal cases is not jurisdictional, and can be waived by this court "in the interests of justice." Tenn. R. App. P. 4(a). Unlike most cases in which a notice of appeal is untimely filed, the appellant has not filed a motion to waive timely filing of the notice of appeal or any similar pleading. Typically, such filing would contain acknowledgment that the notice of appeal was not timely filed and would include verified factual and/or legal assertions why the interests of justice dictate that this Court should waive timely filing of the notice of appeal. We find nothing in the record before this Court from which we can conclude that the interest of justice requires us to waive timely filing of the notice of appeal.

Accordingly, this appeal is dismissed.

_____
JERRY L. SMITH, JUDGE