IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015

**STATE OF TENNESSEE v. TRACY EUGENE HARRIS**

**Appeal from the Criminal Court for Hamilton County**
**No. 284716     Don W. Poole, Judge**

---

**No. E2014-01857-CCA-R3-CD – Filed November 13, 2015**

---

The Petitioner, Tracy Eugene Harris, appeals from the Hamilton County Criminal Court's order denying his motion for pretrial jail credit pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. On appeal, the Petitioner argues that the trial court erred by overruling his motion for pretrial jail credit. The State responds that the Petitioner's argument is waived for failure to file a timely notice of appeal and that the trial court properly denied the Petitioner's motion. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROGER A. PAGE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Andrew W. Childress, Chattanooga, Tennessee, for the Defendant-Appellant, Tracy Eugene Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; William H. Cox, District Attorney General; and Bryan Bates, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Based on the limited record before this court, we glean the following facts pertaining to this appeal. On September 25, 2013, the Petitioner entered a guilty plea to violating the Motor Vehicle Habitual Offender Act (MVHOA). On December 5, 2013, he was sentenced to six years' confinement, which was to be served consecutively to the remainder of an unrelated eight-year sentence for a 2008 vandalism conviction. At the time of his arrest for violating the MVHOA, the Petitioner had been released on parole for the vandalism. The Petitioner remained on parole despite the MVHOA charge until

he was arrested again, on February 5, 2013, for domestic violence assault. He was incarcerated that same day and his parole was revoked on February 26, 2013. While the Petitioner asserts in his brief that his parole "was not revoked until July 10, 2013[,] and [that] he was not notified of the revocation until February 7, 2014[,]" the presentence report shows the Petitioner's parole was revoked on February 26, 2013.

The Petitioner filed a motion for pretrial jail credit on July 31, 2014, arguing that he should have been awarded pretrial jail credit on his MVHOA conviction for the time he was incarcerated from February 5, 2013, through his sentencing hearing on December 5, 2013. At the hearing on the Petitioner's motion, the trial court explained to the Petitioner that he was not entitled to receive credit for time served on both the sentences imposed for vandalism and the MVHOA violation because the sentences were ordered to be served consecutively. The trial court explained, "[i]f one sentence is [run consecutively to] the other one, you don't start getting credits for that until the other [sentence] is over with." The trial court issued an order denying the Petitioner's motion on August 18, 2014. On September 24, 2014, the Petitioner filed a notice of appeal.

## ANALYSIS

On appeal, the Petitioner claims he was denied pretrial jail credits in violation of Tennessee Code Annotated Section 40-23-101(c). Specifically, he claims the period he spent incarcerated from February 5, 2013, to December 5, 2013, should be credited to his MVHOA sentence as reflected on the amended judgment. The Petitioner asserts that the denial of these credits results in an illegal sentence. We disagree.

This court has held that the failure to award pretrial jail credits contravenes the requirements of Tennessee Code Annotated Section 40-23-101(c) and renders a sentence illegal. Tucker v. Morrow, 335 S.W.3d 116, 123 (Tenn. Crim. App. Dec. 1, 2009). Claims of illegal sentences can only be challenged through a habeas corpus proceeding or Rule 36.1 of the Tennessee Rules of Criminal Procedure. Id.; State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014), perm. app. denied (Tenn. Dec. 18, 2014). "The defendant has the burden to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Upon the trial court's denial of a Rule 36.1 challenge, the Petitioner may appeal the decision as provided in Rule 3(b) of the Tennessee Rules of Appellate Procedure. James William Taylor v. State, No. M2012-01549-CCA-R3-PC, 2013 WL 2145776, at *6 (Tenn. Crim. App. May 15, 2013), reh'g denied (Sept. 23, 2013). The 2013 Advisory Commission Comments to Rule 3(b) specifically mention the defendant's appeal as of right from a trial court's ruling on a Rule 36.1 motion to correct an illegal sentence:

Tenn. R. Crim. P. 36.1 was adopted in 2013 to provide a mechanism for the defendant or the State to seek to correct an illegal sentence. With the adoption of that rule, this rule (Tenn. R. App. P. 3) was amended to provide for an appeal as of right, by either the defendant (see paragraph 3(b)) or the State (see paragraph 3(c)), from the trial court's ruling on a motion filed under Tenn. R. Crim. P. 36.1 to correct an illegal sentence.

Tenn. R. App. P. 3, Advisory Comm'n Cmts.

The thirty-day time period within which a petitioner may file a notice of appeal begins on the date of the order denying the petitioner's motion. See State v. Cordell, 645 S.W.2d 763, 765 (Tenn. Crim. App. 1982); see also State v. Michael Parks, No. 01C01-9506-CC-00177, 1996 WL 374106, at *4 (Tenn. Crim. App. July 5, 1996); Michael S. Hurt v. State, No. 01C01-9207-CC-00213, 1993 WL 39751, at *3 (Tenn. Crim. App. Feb. 18, 1993). Rule 4(a) of the Tennessee Rules of Appellate Procedure states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Here, the Petitioner's notice of appeal was received by the trial court clerk on September 24, 2014, thirty-seven days after entry of the order denying his motion in this case. As the State notes, the Petitioner has failed to provide an explanation for his untimely filing. For the reasons that follow, we agree, and conclude that the "interests of justice" do not support a waiver of the untimely notice of appeal in this case. See Tenn. R. App. P. 4(a); see also Crittenden v. State, 978 S.W.2d 929, 932 (Tenn. 1998).

Our review of this issue is foreclosed by the absence of the amended judgment in the record on appeal. The transcript from the hearing on the Petitioner's motion reflects that the Petitioner was relying on the amended judgment in claiming that he was owed pretrial jail credit on his MVHOA sentence. Without the benefit of the amended judgment, we are unable to determine whether the Petitioner is entitled to pretrial credit on his MVHOA sentence. The Petitioner has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). The scope of appellate review is limited to the facts established in the record. Id. 13(c). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)).

Other than the presentence report, there was no proof offered at the hearing on Petitioner's motion for pretrial jail credit. Upon hearing argument of counsel, the trial court stated, "I feel confident, based on what I'm hearing, that [the time served] was

applied to the [vandalism] sentence and you served that and got credit for that, but you can't get double credit for it now on a consecutive sentence." Accordingly, the trial court denied the Petitioner's motion. Given the state of the appellate record, we must presume the trial court's ruling was supported by the evidence.

## CONCLUSION

As the interests of justice do not merit a waiver of the untimely filing of the notice of appeal in this matter, this appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE
