IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2019

**STATE OF TENNESSEE v. OMARI SHAKIR DAVIS**

**Appeal from the Criminal Court for Davidson County**
**No. 2016-B-539     Cheryl A. Blackburn, Judge**

---

**No. M2018-01779-CCA-R3-CD**

---

In this delayed appeal, the defendant, Omari Shakir Davis, challenges the Davidson County Criminal Court's denial of alternative sentencing for his guilty-pleaded conviction of possession with intent to sell or deliver 15 grams or more of a substance containing heroin. The State contends that this appeal should be dismissed as untimely. Our review of the record indicates that the defendant's notice of appeal was untimely. Because the interests of justice do not support our waiving the timely filing requirement, this appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Wesley Clark (on appeal), and Ronald Lux (at hearing), Nashville, Tennessee, for the appellant, Omari Shakir Davis.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In November 2015, the Davidson County Grand Jury charged the petitioner with one count each of possession with intent to deliver or sell 15 grams or more of a substance containing heroin, possession with intent to deliver or sell a substance containing alprazolam, and possession with intent to use drug paraphernalia to prepare a controlled substance. Pursuant to a plea agreement, the defendant pleaded guilty to possession with intent to deliver or sell 15 grams or more of a substance containing heroin with the sentence length and manner of service to be determined by the trial court,

and the State dismissed the remaining charges.

At the plea submission hearing, the State summarized the facts giving rise to the defendant's conviction as follows:

> [B]eginning around June of 2015 Metro detectives became involved in an investigation where they had made some arrests for people who had purchased heroin. People they had arrested claimed they had received the heroin from the residence of 1811 Haynes Street here in Davidson County. Further investigation after a trash pull from that location indicated that that may be occurring. Officers got a search warrant on November 24th, 2015. During the search warrant they recovered approximately thirty grams of heroin along with some other drugs as well as scales, baggies, and cash. They determined [the defendant] lived at that location. And after Miranda, [the defendant] did admit he had been selling heroin from that residence and had admitted that began back around the time of the investigation in June of 2015.

At his February 2017 sentencing hearing, the defendant asked to be placed in residential Drug Court followed by Community Corrections. The defendant tested positive for opiates at the sentencing hearing, but the defendant explained that he had a prescription for oxycodone to treat pain from a cancer surgery. The court sentenced the defendant to 18 years as a Range II offender, revoked the defendant's bond, and took the defendant into custody but reserved ruling on whether to place the defendant in the Drug Court program. When taken into custody, the defendant had both heroin and opiates on his person, giving rise to new charges. Because the defendant incurred new charges, he was no longer eligible for immediate placement in Drug Court, and the trial court ordered him to serve his 18-year sentence at the Department of Correction.

The defendant moved to amend his sentence pursuant to Tennessee Rule of Criminal Procedure 35, seeking placement in Drug Court after a period of split confinement. In a written order, the trial court denied the defendant's motion.

The petitioner filed a petition for post-conviction relief and received an evidentiary hearing on February 15, 2018.[1] In its June 29, 2018 written order, the post-

---

[1] The post-conviction petition, post-conviction technical record, and evidentiary hearing transcript are not contained in the record before us.

conviction court found that the defendant's primary claim was the ineffective assistance of trial counsel for failing to seek a mental evaluation. Because the defendant "indicated that he is not challenging his conviction; rather, his complaints concern his sentence" and because the defendant had not appealed his sentence, the post-conviction court granted the defendant a delayed appeal "as to the manner and length of his sentence" and held the post-conviction claims in abeyance pursuant to Tennessee Supreme Court Rule 28. The post-conviction court also relieved post-conviction counsel and appointed new counsel for the purpose of the delayed appeal, instructing appellate counsel to file a written waiver if the defendant elected to waive his delayed appeal.

On September 27, 2018, 90 days after the post-conviction court granted the delayed appeal, the petitioner filed a notice of appeal of the sentence that had been imposed on February 24, 2017. In this appeal, the defendant argues that the trial court erred by ordering him to serve his sentence in confinement and denying him a community corrections placement. The State contends that the appeal should be dismissed on the ground that the notice of appeal was untimely filed and that the interest of justice does not warrant this court's waiving the timely filing requirement. In the alternative, the State argues that the trial court did not err.

A notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). This court may, however, waive the timely filing requirement "in the interest of justice." *Id.* A post-conviction court's order granting a delayed appeal triggers the 30-day period in which the defendant may file a notice of appeal. *State v. Cordell*, 645 S.W.2d 763, 765 (Tenn. Crim. App. 1982) (holding that "the date on which the delayed appeal order was granted is the final judgment" for the purpose of Tennessee Rule of Appellate Procedure 4(a)); *see also State v. Dewayne M. McDaniel a/k/a Anthony McDaniel*, No. W2002-02048-CCA-MR3-CD, slip op. at 1-2 (Tenn. Crim. App., Jackson, Dec. 5, 2003).

Here, the defendant neglected to file the notice of appeal within 30 days of the post-conviction court's order granting a delayed appeal. Instead, the defendant filed his notice of appeal 59 days beyond the July 30 deadline. The defendant has presented no explanation for the delay, nor has he sought waiver of the timely filing requirement. We conclude that the interest of justice does not necessitate waiver of the timely filing requirement in this case.

Accordingly, the defendant's appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-